## SAMPSON DUNN'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, p. 514, sec. 2,) provides that service of an application for the appointment of a conservator shall be made by leaving a copy at the usual place of abode of the respondent. A respondent, at the time of such an application, was in the county jail as a prisoner, and the house where he had last resided, had, while he was imprisoned, been sold by the trustee of his insolvent estate and possession taken by the purchaser. Held that service was sufficiently made by leaving a copy with him at the jail.

The application was returned to the court of probate and the hearing adjourned to a future day. A few days before the time of the hearing the respondent appeared before the judge of probate and consented that a certain person named should be appointed conservator, and the judge thereupon appointed him. At the time fixed for the hearing the respondent appeared and objected to the appointment of any conservator over him, and claimed the right to be heard with his witnesses and counsel, but the judge refused to hear him. Held that the appointment of the conservator before the time fixed for the hearing was irregular and erroneous, and that the respondent, by consenting to the appointment of the conservator at the time he did, had not precluded himself from the right to be heard against the appointment at the time fixed for the hearing.

APPEAL from a decree of a probate court, appointing a conservator over the appellant; taken to the Superior Court in Hartford county. The appointment was made upon the application of the selectmen of the town of East Windsor,

where the appellant had resided until his imprisonment in the jail of Hartford county, where he was confined at the time of the application. The reasons of appeal assigned were—1. That the application was not properly served on the appellant. 2. That the probate court appointed the conservator without making due enquiry and without giving the appellant an opportunity to be heard. 3. That the appellant was not incapable of taking care of himself and managing his affairs. The appellees denied the truth of the matters thus alleged, and the court (*Pardee, J.*) found the following facts.

The appellant, Dunn, had been engaged in the business of brick-making in East Windsor, for about twenty years, and had accumulated a small estate, including a house in which he dwelt. In January, 1867, he was arrested on a criminal charge and committed to the jail in Hartford. Immediately after his arrest he made an assignment of his property to Homer D. Allen, in trust for the benefit of his creditors, and after all debts and expenses were paid there remained about $1,000. After he had been committed to jail, the selectmen of East Windsor made application to William Barnes, Esq., judge of probate for the district of East Windsor, to appoint a conservator over him ; and the summons to Dunn to appear and answer to the application was served by leaving an attested copy with him while in the jail, and not otherwise.

After Dunn had been committed to jail, and before the service of the summons was made, the house in which he had last dwelt in East Windsor had been sold by his assignee in insolvency and possession thereof delivered to the purchaser, and Dunn had, at the time of the service, no place of residence in East Windsor.

The judge of probate appointed the 11th day of May, 1867, as the day for hearing the application for the appointment of a conservator. On the 4th day of May, 1867, Dunn, having been released from jail, appeared before the judge of probate, and consented that the judge should appoint Homer D. Allen as his conservator, upon the pending application of the selectmen ; and thereupon the judge, who had known Dunn for about twenty years, did appoint Allen as his conservator, and

Allen afterwards, on the 11th day of May, accepted the trust and gave bond according to law. On the 4th day of May no witnesses were sworn and examined by the judge of probate in support of the application.

On the 11th day of May, 1867, Dunn appeared before the probate court with counsel and witnesses and asked to be heard in opposition to the application for the appointment of a conservator over him, but the judge refused to hear him, declaring that a conservator had already been duly appointed with the consent of Dunn himself.

During the three or four years preceding the application by the selectmen, Dunn had been habitually intemperate and had neglected his business.

Upon these facts the Superior Court affirmed the decree of the probate court, and the appellant brought the record before this court by a motion in error.

*Stanton* and *Briscoe*, for the plaintiff in error.

*C. Chapman* and *Robinson*, for the defendant in error.

HINMAN, C. J: This is a motion in error from the judgment and decree of the Superior Court, affirming the decree of the court of probate appointing a conservator over the appellant, Sampson Dunn.

The first assignment of error is, that the service of the application to the court of probate and of the citation annexed to it, was insufficient and defective. The statute requires the summons accompanying an application for the appointment of a conservator to be served by copy left at the usual place of abode of the respondent. Gen. Statutes, page 514, sec. 2. The respondent in this case was at the time confined in the Hartford county jail, though he belonged in East Windsor. He had made an assignment of his property under the insolvent law, and the trustee in insolvency had sold his former residence in East Windsor, and the purchaser had taken possession of it, so that he had, at the time service was made, no other place of residence than the place where he was confined at the time. We think, therefore, that the ser-

vice was, under the circumstances, properly made by leaving a copy with him at the jail. True, this was the place of his imprisonment, and can, therefore, hardly be said to be his home. But as he had no other usual place of abode to which he could properly return as to his home, unless service could be made upon him at the jail we do not see how he could have been served with the process any where. We think therefore that the case of *Grant* v. *Dalliber*, 11 Conn., 234, which has been cited in behalf of the appellant, does not apply to the case. To prevent a failure of justice by rendering it impossible to serve process of this description at all, unless it could be served by leaving a copy at the place where he was staying, (and whether he was so staying voluntarily or by compulsion ought to make no difference,) we think that must be deemed, for the purposes of such service under this statute, his usual place of abode.

Another assignment of error is, that the court of probate erred in that it appointed the conservator without making any due enquiry, and without giving the appellant any opportunity to be heard; and of course that the Superior Court erred in sanctioning the decree of probate so made. We think the facts found by the Superior Court show that that part of this assignment of error which states that the appointment was made by the court of probate without giving the appellant a fair opportunity to be heard, is well founded, and consequently that the Superior Court ought to have disaffirmed the decree of probate on this ground. The summons was returnable the 11th day of March, 1867 ; but the trial appears to have been postponed or adjourned to the 11th day of May, 1867. At this time the respondent in the application appeared before the court of probate, with his counsel and witnesses, and requested to be heard in opposition to the appointment of a conservator over him, but the court of probate refused to hear him. If there was nothing else in the case it would, of course, be unnecessary to say that this would be very irregular and erroneous. But it appears that the judge of probate had for many years been acquainted with the respondent, and that on the 4th of May previous to the time of

the final hearing, the respondent, having then been released from jail, appeared before the judge of probate—as the finding states it—and consented that the judge should appoint Homer D. Allen as his conservator, upon the application pending before the probate court; and that thereupon the judge of probate did appoint Mr. Allen conservator, and he afterwards, on the 11th day of May, accepted the trust, and gave bond. This finding seems to be inconsistent with the record of the appointment as certified by the judge of probate. That record states that at a court of probate holden on the 11th day of May the appointment was made; and that the application came by legal continuance to that time. It is not however very important which of the findings is correct. If the appointment was made on the 4th of May, when the conversation took place between the judge of probate and the appellant, it was at a time different from and previous to the time appointed for the hearing, and therefore a time when the case was not before the court, and was irregular on that account. But if, as was probably the case, the judge made the appointment, as the probate record states, on the 11th day of May, the day to which the hearing had been postponed, and the judge acted upon the declarations of the respondent, previously made to him, as evidence of the propriety of making it, notwithstanding the application of the respondent for a hearing, we think the proceeding was equally irregular. The fact that the judge had known the respondent for many years we consider a matter of no importance. It does not appear that the judge acted at all upon his personal knowledge, or that this knowledge of him was that he was a proper subject of a conservator. And if it did so appear, and the judge acted upon his personal knowledge, he still acted upon evidence not given in court under the sanction of an oath, and not, of course, subject to examination by the respondent's counsel. It must be assumed then that the court acted in making the appointment entirely upon the consent of the appellant, expressed on the 4th of May to the judge of probate. Now this consent of the respondent that the appointment should be made, was not made in open court,

when the case was regularly pending before it, and was not therefore made for the purpose of being acted upon at the time it was made. No doubt it was evidence in the nature of an admission that the respondent was a proper subject for the appointment of a conservator. But there was nothing in it to estop the respondent from claiming that it was made under a misapprehension of the facts and the law applicable to the case; and at least the evidence, if the respondent claimed it, should have been given under oath, so that the respondent could have had an opportunity to examine it, with the aid of his counsel, and to test its correctness, as if it had been given in evidence by any other witness. We have no reason to doubt that the judge of probate in this instance acted with the most perfect good faith, and in strict accordance with what he conceived to be his duty at the time. He probably considered it very unreasonable conduct in the respondent to admit to him on a previous occasion that he was the proper subject for the appointment of a conservator, and agree that one should be appointed, and who he should be, and then come and repudiate his agreement, and claim a hearing upon the subject. And in one sense it was unreasonable, and, if the admission was made under any misapprehension or mistake, fairness required that he should have notified the opposite party that he should claim a trial on the day to which the case was adjourned, so as to have enabled all parties to be prepared for it. Still we cannot say he was absolutely obliged to do so before the very day of trial. We reverse the decree of the Superior Court and of the court of probate in this case, because we think a general practice like that pursued by the probate judge might lead to great irregularities, rather than because we have any reason to apprehend that any injustice was done in the particular case.

We are of opinion that there is manifest error in the judgment of the Superior Court and in the decree of the probate court, and that both should be reversed.

In this opinion the other judges concurred.