JULIAN A. BALDWIN v. BRANCH CIRCUIT JUDGE.

*Arrest pending release on bail—Mandamus to vacate capias—Costs.*

Where appearance bail has been accepted from a person arrested on a criminal warrant issued by a justice, he cannot, pending his release on bail, be arrested on a civil *capias* for the same matter at the suit of the same complainant.

Mandamus lies to vacate the service of a civil *capias* wrongfully issued.

Costs on mandamus to vacate legal process may be allowed against the person at whose instance it was put in motion.

MANDAMUS. Motion submitted June 7. Granted June 14.

*Corbin & Cobb* for relator.

*Frank L. Skeels* for respondent.

GRAVES, C. J. The relator, a resident of Eaton county, was arrested therein on a criminal warrant from a justice of the peace of Branch county, on complaint of Horace Holcomb, and taken by the arresting officer before said justice in that county. This was on the 18th of May. On request of relator the examination was postponed until the 31st, and he at once gave bail for his appearance at that time. But on the same occasion and at the same place and about the time of his temporary release on bail he was arrested on a

civil *capias* from the circuit court for such county at the suit of the complainant in the criminal prosecution and on the same matter. In order to escape imprisonment he furnished appearance bail; but subsequently moved to set aside the proceedings, and the court ordered his release from custody and that the requirement of bail should be vacated and that the bail-bond should be delivered up, but reserved action on the question of annulling the service of the writ, and directed that relator cause his appearance to be entered in the cause on or before a week, and that he have leave to show cause within that time why this requirement for him to enter his appearance should not be vacated and the writ quashed.

It appears from the return to the order to show cause that on the hearing of the motion to set aside the proceedings the circuit judge and relator's counsel came to an understanding that so much of the motion as related to the quashing of the writ or vacating the service of it should be held under advisement for a week to enable relator's counsel to furnish the judge with a brief. And it also appears that in that interval relator's counsel forwarded a communication in which he cited a case in this Court and explained his views and that this communication was intended for the brief he had agreed to furnish. The circuit judge did not regard it in that light and wrote back that he would await the promised brief and not decide immediately. He referred to two decisions at *nisi prius* as bearing somewhat on the question. The matter remained undecided and this application to show cause was made to this Court.

It is not surprising that the learned judge was not fully prepared to hold, without opportunity for examination, that the service of the civil process was improper and subject to be set aside, and that he felt that it was incumbent on the party moving to produce authority. Our attention has been called to the subject recently in several cases and we are satisfied that the law was with the relator in his application to the circuit court and that he was then entitled as matter of right to have the service on him vacated, and we are unable to see that he has either lost or surrendered this right.

Within the week allowed by the order of the court for the disposal of the question the relator's counsel furnished such authority and explanations as he was able, and indicated that his letter constituted the brief which had been required of him, and when the week was ended, if not before, it was the relator's right, as this Court views it, to have the relief which was asked for from the court.

The writ must be allowed with costs to the relator against Horace Holcomb, the plaintiff in the civil cause.

CAMPBELL and COOLEY, JJ. concurred.