## DAY *v.* HARRIS.

*(Supreme Court, General Term, Fifth Department.* March, 1891.)

SERVICE OF PROCESS—PERSONS WITHIN STATE AS WITNESS.

An affidavit filed by defendant in support of an objection to the jurisdiction of the court, after stating that the summons was served on him at the town of Salamanca, N. Y., on a certain day, further alleged that defendant for the past year had not been a resident of the state of New York, but was a resident of Jersey City in New Jersey; "that at the time of the service of the aforesaid summons deponent was in attendance before S. H. Seymour, Esq., a justice of the peace in the said town of Salamanca, as a witness in his own behalf in an action then being prosecuted in the name of the people of the state of New York against this deponent as defendant, and before the conclusion of the said action, and while deponent was in the custody of a constable of the aforesaid town of Salamanca, and while deponent was under arrest for and upon the charge of being a disorderly person. Deponent further says that he came to said town of Salamanca for the sole and only purpose of appearing in said action, and as a witness in his own behalf; and while deponent was at said town of Salamanca as such party and witness, and before the conclusion of said action, and before deponent could get a train to go to his home, deponent was so served as aforesaid with said summons." *Held,* that the affidavit was not sufficient to bring defendant within the exemption from service of process of parties and witnesses who came from a foreign jurisdiction to attend judicial proceedings, as such affidavit did not state that defendant had come from any place without the state to attend the trial of the charge against him.

Appeal from Cattaraugus county court.

Action by Charles O. Day against Charles Harris. From a judgment of the county court affirming a judgment of a justice of the peace defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Inman & Cole*, for appellant. *T. H. Dowd*, for respondent.

DWIGHT, P. J. On the return-day of the summons the defendant appeared by attorney specially to object to the jurisdiction of the justice. The objection was supported by an affidavit of the defendant, which, after stating the time and place of service of the summons upon him, viz., at the town of Salamanca, on the 2d day of April, 1890, proceeded as follows: "Deponent further says that he is now, and for the past year and upwards has been, a resident of the city of Jersey City, in the state of New Jersey, and that deponent for the past year and upwards has not been a resident of the state of New York. Deponent further says that at the time of the service of the aforesaid summons deponent was in attendance before S. H. Seymour, Esq., a justice of the peace of the said town of Salamanca, as a witness in his own behalf, in an action then being prosecuted in the name of the people of the state of New York against this deponent as defendant, and before the conclusion of the said action, and while deponent was in the custody of a constable of the aforesaid town of Salamanca, and while deponent was under arrest for and upon the charge of being a disorderly person. Deponent further says that he came to said town of Salamanca for the sole and only purpose of appearing in said action, and as a witness in his own behalf, and while deponent was at said town of Salamanca, as such party and witness, and before the conclusion of said action, and before deponent could get a train to go to his home, deponent was so served as aforesaid with said summons." The statements of the affidavit were not controverted. The justice overruled the

objection to the jurisdiction, and, the defendant not appearing further, rendered judgment against him, which was affirmed by the county court. We think the ruling of the justice was correct, and that his jurisdiction of the person of the defendant was not successfully impugned by the statements of the affidavit. It seems very clear that the defendant did not bring himself within the rule of exemption from the service of civil process. That such exemption extends both to witnesses and parties who have come from a foreign jurisdiction to attend upon any judicial proceeding in this state, is established by the case of *Matthews* v. *Tufts*, 87 N. Y. 568; and the affidavit ascribes both characters to the defendant. But the essential condition of the rule and ground of the exemption is that the person claiming it shall have come within the jurisdiction of the court issuing the process as such party or witness. It is not sufficient that he is a non-resident of the jurisdiction; it must appear that he came from without the jurisdiction upon the occasion of the judicial proceeding which he was attending, and for the purpose of attending it. In this case the affidavit states that the defendant was a non-resident of the state, and a resident of New Jersey; but it does not state that he came from New Jersey, nor from any place without the jurisdiction of the justice, to attend the trial, at which he was or intended to be both party and witness. It appeared by the affidavit that the action or proceeding—the trial of which he was attending—was commenced by his own arrest as a disorderly person. Where or when that arrest was made does not appear, but it must have been within the state of New York. Where he had been intervening the arrest and the trial or hearing before the magistrate does not appear. There is no statement that he had returned to New Jersey in the mean time, nor that he came from thence to attend the trial or hearing of his case. The only allegation in that regard is "that he came to said town of Salamanca for the sole and only purpose of appearing in said action, and as a witness in his own behalf;" but whence he came to Salamanca, or where he had been at any time before so coming to Salamanca, does not appear, nor can it be inferred from his affidavit. This proof, we think, was manifestly insufficient to bring him within the exemption claimed. The presumption is that every person within the territorial jurisdiction of a justice of the peace is subject to his jurisdiction for the service of process; and he who claims an exemption therefrom must overcome that presumption by affirmative proof. The judgment appealed from should be affirmed. All concur.