B. F. WHITE v. WILLIAM UNDERWOOD.

(Decided October 10, 1899.)

*Summons, Order of Arrest and Bail—Service of Civil Process on a Prisoner in Jail.*

1. The sheriff can serve process anywhere in his county—the jail possesses no "privilege of sanctuary"; service of process upon a prisoner there is valid.

2. The exemption of witnesses and jurors from civil arrest accorded by statute (Code, secs. 1367 and 1735), and of nonresident parties and witnesses voluntarily attending court here, on grounds of public policy, does not apply to parties arrested in criminal proceeding.

3. Where the violation of a right admits both of a civil and a criminal remedy, the right to prosecute the one is not merged in the other. Code, sec. 131.

CIVIL ACTION heard before *Bowman, J.,* at Spring Term, 1899, of HERTFORD Superior Court, upon a motion made by defendant to vacate the process and order of arrest and bail issued by the Clerk in this cause.

His Honor found the following facts:

On the 15th day of February, 1899, at the instance of the plaintiff in this action, the defendant was arrested under a State warrant charging the defendant with a secret assault, and on the same day he was committed to the common jail of Hertford County in default of bail in sum of $800; and on the next day, to-wit, the 16th of February, 1899, the Clerk, with full knowledge of the fact that the defendant was then in jail, issued the original process in this cause, and the order of arrest herein filed, and delivered the same to the sheriff, who went into the jail on same day and attempted to execute the said process and order of arrest; the said defendant is still in jail in default of bail under said order of arrest and is bound over in a sum of $500 for his appearance at the next term of this court in said criminal action.

Upon the foregoing finding of the facts, the Court holds that the said process and order of arrest were illegal and the attempted service of the same was void in law, and it is therefore ordered that the said defendant be discharged from custody and the said order vacated.

From this ruling and judgment, the plaintiff appealed to the Supreme Court.

*Messrs. Winborne & Lawrence,* for appellant.
*Mr. D. C. Barnes,* for appellee.

CLARK, J. The summons in this action and an order of arrest and bail ancillary thereto were served upon the defendant while confined in jail upon failure to give bond for his

appearance to answer a criminal charge for some secret assault.   Code, sec. 131.

The sheriff has authority to serve process anywhere in his county, in jail as well as elsewhere.   The jail possesses no "privilege of sanctuary."   The reason for the exemption of witnesses and jurors from civil arrest (Code, secs. 1367 and 1735) and of non-resident parties and witnesses voluntarily attending court here from service of any civil process (*Cooper v. Wyman,* 122 N. C., 784), do not apply to parties arrested in criminal proceeding.   *Moore v. Greene,* 73 N. C., 473. There is no public policy to encourage the latter.

In *Davis v. Duffie,* 1 Abb. Appeal, 486, it is said by the Court of Appeals of New York, affirming same case, 8 Bosw., 617: "It was decided in *Phelps v. Phelps,* 7 Paige, 150, that service upon a convict in a State prison, as in this case, was regular and valid to confer jurisdiction; and this has been the settled rule of law and practice both in England and in this country for a long period of time.   2 Madd, Ch. Pr., 200; 1 Hoff., Ch. Pr., 109; 1 Barb., Ch. Pr., 50.   Even if Davis could be deemed civilly dead, as would have been his condition had he been sentenced to imprisonment for life (2 R. S. 701, sec. 20), still he would have been answerable to his creditors according to the usual practice of the courts. Chitty says:  ' This situation of *civiliter mortuus* is never allowed to protect him from the claims of private individuals or the necessities of public justice; so that although he can bring no action against another, he may be sued, and execution taken out against him'.   See also remarks of Chancellor Kent in *Platner v. Sherwood,* 6 John , Ch. 130.   Indeed the decisions are uniform, that although the right of a convict to prosecute an action is suspended and his property in some instances forfeited, still he may be sued and the suit against him may be prosecuted to judgment."

In *Dunn's* appeal (35 Conn., 82), it was held that where a defendant was in jail under sentence, leaving a copy of a paper at the jail was compliance with a statute requiring service by "leaving a copy at usual place of abode."

No complication can arise from the defendant's being under arrest at the same time in the criminal action and in this proceeding. The same condition arises whenever a defendant is under arrest on two or more criminal warrants. As long as he remains in jail on the warrant in the criminal action, he need give no bail in the civil action, and when released in one he has the opportunity to give bail in the other. If service of the order of arrest had been invalid, the motion for an alias order should have been allowed "at any time before judgment." Code, sec. 295.

In holding the service of summons and of the order of arrest and bail void, and in vacating the said order, there was error, and an appeal lay. *Fertilizer Co. v. Grubbs,* 114 N. C., 470.

Reversed.