CONNELLY *v.* WAYNE CIRCUIT JUDGE.

PROCESS—IMMUNITY FROM SERVICE—ONE TRANSACTING INCIDENTAL BUSINESS DOES NOT LOSE IMMUNITY.

In mandamus proceedings to compel the circuit judge to vacate an order denying a motion to set aside a service of process, where plaintiff made a showing that he was within the jurisdiction for the sole purpose of attending the trial of a case in which he was a witness and a party defendant, and therefore immune from service of process

under 3 Comp. Laws 1915, § 12446, a counter showing that while within the jurisdiction he with another executed a certificate of copartnership, *held*, insufficient to justify the finding of the circuit judge that plaintiff's sole incentive in coming within the jurisdiction was not as a witness or party at the trial, since if the sole incentive for plaintiff's coming was to appear at the trial, and the execution of said certificate was but incidental to his presence he did not thereby lose his immunity.

Mandamus by James Connelly to compel Fred S. Lamb, presiding circuit judge of Wayne county, to vacate an order denying a motion to set aside a service of process. Submitted April 22, 1924. (Calendar No. 31,013.)  Writ granted May 8, 1924.

*Monaghan, Crowley, Reilley & Kellogg*, for plaintiff.

*Routier, Nichols & Fildew*, for defendant.

WIEST, J.  In this proceeding we are asked to direct the defendant to set aside an order denying plaintiff's motion to have service of process upon him set aside. Plaintiff is a resident of the city of Cleveland, Ohio, and claims he came to the city of Detroit on June 18, 1923, for the sole purpose of testifying as a witness in a case then pending in the circuit court for the county of Wayne, in which case he was also a party defendant; that such case was tried June 20, 1923, and within one hour after the termination of the suit he was served with a summons in a suit brought by John Miller against Connelly Bros., a copartnership composed of James Connelly and Albert Connelly. Appearing specially he moved to set the service aside on the ground that he was a nonresident of the county of Wayne and State of Michigan, and was present in the city of Detroit for the sole and only purpose of attending the trial of the case heard June 20, 1923. This motion was opposed by a showing that on the 18th day of June, 1923, plaintiff herein joined with

Albert Connelly in executing a certificate of copartnership under the provisions of Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*), in which it was certified James Connelly and Albert L. Connelly, both of Cleveland, Ohio, "now carry on a business in the city of Detroit, State of Michigan, as copartners under the firm name and style of Connelly Bros. Business address 400 71st Blvd., Cleveland, Ohio, which said copartnership is to continue for a period not longer than 3 years as limited by the partnership contract."    This certificate was verified by plaintiff before a notary public in Wayne county on June 18, 1923.

The learned circuit judge found that:

"James Connelly did not come to Detroit on June 18th and did not remain solely for the purpose of attending the circuit court for the county of Wayne as a witness and as party defendant in the case heretofore referred to, but    *    *    *    said James Connelly came to Detroit and remained there for the purpose of carrying on and conducting his own business and particularly the business of Connelly Brothers, a copartnership of which he was one of the copartners, which were at that time carrying on a business in the city of Detroit, State of Michigan, as more fully appears by reference to Exhibit B (the certificate mentioned) attached to the petition."

The circuit judge based his finding upon the execution and filing of the certificate of copartnership. Unless the execution of the certificate and the recitals therein warranted the finding made by the court that plaintiff herein was not within the jurisdiction solely as a witness or a party at the trial of a lawsuit, then plaintiff was immune from service of the process (3 Comp. Laws 1915, § 12446).    If the sole occasion for his coming within the jurisdiction was as a witness or party at the trial of the case, he was immune from the service of process while so attending, and such immunity was not lost, if, as an incident of his so

being within the jurisdiction, he joined in executing the certificate of copartnership.

The "sole occasion" relates to the moving cause of his coming. We do not say that one so coming may not lose immunity by subsequent acts within the jurisdiction. Each case must be determined on its particular facts. The party served with process must establish his immunity by a showing of the sole incentive moving him to come within reach of the process served. Plaintiff made such showing and the only counter showing was as above mentioned. If the sole incentive for his coming was to appear at the trial of the lawsuit as a witness or party and, while so attending, the occasion was employed for the purpose of executing the certificate of copartnership relative to business he was then interested in carrying on in the city of Detroit, he was immune from the service of process unless it can be said that such transaction in and of itself impeached his claim of exemption. The counter showing did not justify the finding that plaintiff's sole incentive in coming within the jurisdiction was not as a witness or party at the trial, and, therefore, he was not exempt from the service of process.

Plaintiff's motion to set aside the service should have been granted. It will be certified to the circuit to vacate the order denying plaintiff's motion to set aside the service of the summons and to enter an order granting the motion and, if necessary, the writ of mandamus will issue. Plaintiff will recover his costs in this court against John Miller, plaintiff in the suit in which the summons was issued.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.