STEINDLER PAPER CO. *v.* CHARLEVOIX CIRCUIT JUDGE.

PROCESS—PARTY IN JAIL NOT EXEMPT FROM SERVICE OF CIVIL PROCESS WHERE VOLUNTARILY IN COUNTY.

> A person voluntarily in a county not of his residence apprehended for crime then and there committed is not exempt, while in jail, from service of civil process provided for by 3 Comp. Laws 1915, § 12444.[1]

Mandamus by the Steindler Paper Company to compel Frederick W. Mayne, circuit judge of Charlevoix county, to vacate an order denying a motion to dismiss a service of process.    Submitted February 9, 1926. (Calendar No. 31,337.)    Writ denied March 20, 1926.

*Lovelace & Broek* (*Rollie L. Lewis,* of counsel), for plaintiff.

*Lisle Shanahan* (*J. M. Harris,* of counsel), for defendant.

FELLOWS, J.    Donald McDonald, an employee of Steindler Paper Company, was voluntarily in the county

---

[1]Process, 32 Cyc. p. 495.
On right to serve process on prisoner, see note in 46 L. R. A. 706.

of Charlevoix on August 26, 1923. His residence was in Cheboygan county. While driving in Charlevoix he came into collision with two automobiles, inflicting serious injuries on some of the occupants thereof. The collision occurred under such circumstances as to satisfy the sheriff that he should be prosecuted for violating the automobile law, and he was arrested and placed in jail; while there he was served with summons directed against him and the company. In a motion heard by defendant circuit judge, it was insisted that he was privileged from service of civil process, and the overruling of this motion is reviewed in this mandamus case. The validity of his arrest is not assailed, nor is there anything upon this record showing or tending to show collusion between the sheriff and the plaintiff in the negligence case. No question is raised as to the propriety of the present plaintiff making the motion to dismiss and we shall dispose of the case on its merits.

Possibly we will better understand what is before us by first pointing out what is not before us. We have not a case where a defendant is brought into the State on rendition proceedings to answer a criminal charge and is then served with civil process (*In re Cannon,* 47 Mich. 481; *McCullough* v. *McCullough,* 203 Mich. 288). Nor a case where a defendant is taken from the county where he resides into another under a criminal warrant and has after his release on bail been served with civil process (*Baldwin* v. *Branch Circuit Judge,* 48 Mich. 525); nor a case where he is arrested on civil process from the Federal court and for the purpose of putting in bail leaves the county of his residence and goes to another county where he is served with civil process (*Watson* v. *Judge of Superior Court,* 40 Mich. 729); nor where a party goes into another jurisdiction for the purpose of giving testimony (*Mitchell* v. *Huron Circuit Judge,* 53 Mich. 541;

*Letherby* v. *Shaver*, 73 Mich. 500; *Connelly* v. *Wayne Circuit Judge*, 227 Mich. 139) ; nor where a party is on his way home after having been arrested and let to bail and is served with process while consulting counsel in one of the counties through which he passes (*Jacobson* v. *Wayne Circuit Judge*, 76 Mich. 234, and see the discussion of this case in the majority opinion in *Monroe* v. *St. Clair Circuit Judge*, 125 Mich. 283 [52 L. R. A. 189]). The case before us is one where a party voluntarily in a county not of his residence is apprehended for crime then and there committed and while in jail is served with civil process. So that the real question before us is this: Is one exempt from service of civil process while confined in jail under arrest for violation of the criminal law in a county where he has voluntarily gone for either business or pleasure, and while there by his conduct has subjected himself to such arrest and such arrest has been made before he leaves such county? The claim of exemption is based and must be based on the fact of his arrest and confinement in the county jail. Manifestly if he was not under arrest service of the process would be good beyond question, as the plaintiff is a resident of Charlevoix county. Does such arrest and confinement bring with it immunity from service of civil process?

Counsel do not call our attention to any of our own cases which are directly in point and we do not find any. However, we think the question is settled by the textwriters and the decisions of other courts in accordance with the holding of the circuit judge. In 21 R. C. L. p. 1314 it is said:

"The mere fact that a person is in jail or prison under a criminal charge or sentence furnishes no exemption against the service of civil process on him. An imprisoned person is subject to be sued and prosecuted to judgment, and proceeded against in all the modes prescribed by law to enforce civil remedies, the same as if he were at large."

In 32 Cyc. pp. 494, 495, the rule as to nonresidents brought into the State by rendition proceedings and voluntarily coming into the State is laid down, and it is said:

"Residents confined in jail or prison on criminal charges are subject to service of civil process."

The cases' sustain the text. *White* v. *Underwood,* 125 N. C. 25 (34 S. E. 104, 46 L. R. A. 706, 74 Am. St. Rep. 630) ; *Davis* v. *Duffie,* 1 Abbott App. Dec. (N. Y.) 486; *Dunn's Appeal,* 35 Conn. 82; *Phelps* v. *Phelps,* 7 Paige Ch. (N. Y.) 150.    The case of *Dunn's Appeal, supra,* is somewhat similar to the case before us.    He was confined in the Hartford county jail and was there served with process although he belonged in East Windsor.    It was held that the service was good.    The legislature of this State has recognized the propriety and validity of such service and has made provision for service on defendants confined in jails and prisons.    3 Comp. Laws 1915, § 12444.

*Day* v. *Harris,* 14 N. Y. Supp. 3, is quite in point. The defendant was under arrest for a criminal offense. He was a resident of New Jersey.    He moved to dismiss the civil suit but did not make a showing that he was brought into the jurisdiction by criminal process. It was held that the showing was not sufficient.    It was there said:

"But the essential condition of the rule and ground of the exemption is that the person claiming it shall have come within the jurisdiction of the court issuing the process as such party or witness.    It is not sufficient that he is a nonresident of the jurisdiction; it must appear that he came from without the jurisdiction upon the occasion of the judicial proceeding which he was attending, and for the purpose of attending it."

The writ will be denied, with costs.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.