THE STATE OF OHIO, APPELLANT, *v.* McCOY, APPELLEE.

(No. 556—Decided March 5, 1955.)

*Mr. George R. Smith,* prosecuting attorney, for appellant.
*Mr. James F. Cox,* for appellee.

MILLER, P. J.   This case comes to this court on an appeal on questions of law from a judgment of the Common Pleas Court of Greene County sustaining the defendant's motion for a directed verdict at the close of the state's case.   There appears to be no conflict in regard to the facts presented; hence, the question to be determined is one of law only.   The facts pertinent to the issue disclose that Robert Kahr, a state highway patrolman, was issued a warrant out of the Mayor's Court of Spring Valley, Ohio, directing him to arrest Robert Melvin McCoy; that the warrant was issued upon an affidavit filed in the court charging McCoy with operating an automobile with fictitious license plates on or about July 30, 1954; and that on

Sunday, August 1, 1954, an attempt was made by the highway patrolman to arrest McCoy, at which time he fled into his father's nearby grocery store. The father attempted to block the entrance doorway and prevent the officer from making the arrest. The father was informed of the warrant for the son's arrest, but he still persisted in resisting. Thereupon, the highway patrolman arrested the father, defendant Robert McCoy, appellee herein, and charged him with unlawfully interfering with and obstructing a state highway patrolman in the discharge of his official duties in violation of Section 2917.33, Revised Code. The motion for a directed verdict was based upon the following sections of the Revised Code:

Section 2331.12. "No person shall be arrested during a sitting of the Senate or House of Representatives, within the hall where such session is being held, or in any court of justice, during the sitting of such court, or on Sunday, or on the fourth day of July."

Section 2331.13. "Sections 2331.11 to 2331.14, inclusive, of the Revised Code do not extend to cases of treason, felony, or breach of the peace * * *."

The arrest of the defendant was made upon the authority of Section 2917.33, Revised Code, which provides, in part, as follows:

"No person shall abuse a judge or justice of the peace in the execution of his office, or knowingly and willfully resist, obstruct, or abuse a sheriff, or other officer in the execution of his office."

The question, therefore, arising is whether the officer was lawfully exercising the duties of his office on the day the alleged offense was committed by the defendant. In other words, was the attempted arrest of the son on Sunday in violation of Section 2331.12, Revised Code? If it was, the officer was illegally attempting to make a forced entry upon the defendant's premises, and defendant might lawfully resist such entry.

It is urged by the appellant that the cited section has no application to criminal proceedings since it is found in that portion of the Code which relates to "Execution against a Person," which is a civil proceeding, citing 17 Ohio Jurisprudence, 1003, 1007, Sections 521, 534. These citations refer to the Sunday

code as having application to executions against the person, but they are silent as to any application in criminal proceedings. We can attach no important significance to this omission. We cannot concur with counsel for the appellant that the Sunday statute should have such a narrow application. In examining into the history of privileges from arrest we find that a somewhat similar provision is found in the Constitution of Ohio of 1802, Section 13, Article I, but which granted the immunity only to senators and representatives. It provided:

"Senators and representatives shall, in all cases, except treason, felony or breach of the peace, be privileged from arrest during the session of the General Assembly * * *."

Subsequent thereto, statutes were enacted extending the privileges to those contained in Section 2331.12, Revised Code. Since the original provision of the Constitution did not restrict the privilege to civil cases only and, also, since the same privilege was extended by statutory enactment, we are of the opinion that the original intention was extended by subsequent legislation. It also might be added that if these privileges were intended to apply to civil cases only, we feel that the Legislature would have made this clear by so stating.

The next question for consideration is whether the son was being arrested for a breach of the peace. If so, the exceptions found in Section 2331.13, Revised Code, would have application and the arrest would be lawful. The appellant urges that every indictable offense constitutes a breach of the peace, and we find support for this contention in the case of *Edwards* v. *District of Columbia* (Municipal Court of Appeals, District of Columbia), 68 A. (2d), 286, but *contra* this view we find the case of *Commonwealth* v. *Fannasy,* 30 Pa. Dist. and Co., 410, and numerous other cases from the state of Pennsylvania. We are inclined, however, to accept the latter line of authorities.

In 6 Ohio Jurisprudence, 37, Section 1, we find the following definition:

"Breach of the peace in Ohio is defined as an open, active outbreak of violence in the commission of some unlawful act."

*Ex Parte Carroll,* 9 Dec. Rep., 261, 12 W. L. B., 9, is cited as authority. At page 38 of 6 Ohio Jurisprudence, the conclusion that every indictable misdemeanor constitutes a "breach

of the peace'' is negatived by the enumerating of many offenses which have been defined by statute as offenses against the public peace. The operation of a motor vehicle with fictitious license plates has not been so designated and we do not think it should be given such recognition. The term is defined in 1 Restatement of the Law of Torts, 246, Section 116, as follows:

''A breach of the peace is a public offense done by violence or one causing or likely to cause an immediate disturbance of public order.''

In 7 Ohio Jurisprudence (2d), 689, Section 1, it is stated:

''In general terms, a breach of the peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence or tending to provoke or excite others to break the peace, or, as is sometimes said, it includes any violation of any law enacted to preserve peace and good order. It may consist of an act of violence or an act likely to produce violence.''

Finally, the appellant contends that exemption from arrest is a privilege which may be waived; and that the record discloses the son pleaded guilty to the charge against him and, thereby, waived his immunity. But it clearly appears that at the time of defendant's arrest the son did not waive the privilege for he was resisting the same with every means at his command. The conduct of the father must be adjudicated on the facts appearing at the time of his arrest and not on those of a subsequent date.

We find no error in the record prejudicial to the appellant.

*Judgment affirmed.*

HORNBECK and WISEMAN, JJ., concur.