CITY OF AKRON, APPELLEE, *v.* MINGO, APPELLANT.*

(No. 4803—Decided October 1, 1958.)

*Mr. John M. Kelly,* director of law, and *Mr. Robert W. Blakemore,* for appellee.

*Mr. Howard L. Calhoun,* for appellant.

Stevens, J. The stipulation of facts filed herein shows that in February, 1957, defendant was charged with and tried for operating a motor vehicle while under the influence of alcohol.

---

*Judgment affirmed, 169 Ohio St., 511. For another report in this litigation, see 106 Ohio App., 459.

In that trial he was acquitted. While returning to his home in his automobile after that acquittal, he was arrested and charged with failing "to conform to and proceed in accordance with signal lights, controlling and directing traffic at the intersection of Wabash and W. Cedar, public highways within the city of Akron * * *," and also that he "operated a motor vehicle upon the streets of the city of Akron, without having in his immediate possession an unrevoked operator's or chauffeur's license * * *."

Upon being so charged, defendant claimed that he was immune from arrest under the provisions of Section 2331.11 (D), Revised Code, by reason of the fact that he was returning to his home from attending court in a criminal trial, wherein he was the person on trial, and demanded a summary dismissal of both charges.

The trial court denied defendant's demand for a summary dismissal of both charges, and upon trial on the merits found defendant guilty as charged upon both affidavits, and assessed a fine of $5 and costs in each action against defendant.

This appeal on questions of law followed.

Section 2331.11, Revised Code, provides:

"The following persons are privileged from arrest:
"* * *

"(D) * * * suitors, * * * while going to, attending, or returning from court * * *."

Section 2331.13, Revised Code, provides:

"Sections 2331.11 to 2331.14, inclusive, of the Revised Code do not extend to cases of treason, felony, or breach of the peace * * *"

In Ohio, arrests are divided into those made in criminal cases and those made in civil cases. See: 5 Ohio Jurisprudence (2d), Arrest, Section 1.

The immunity from arrest set forth in Section 2331.11 (D), Revised Code, applies only to civil arrest, while returning from attendance at court. A person in such posture is not immune from criminal arrest. See: 4 American Jurisprudence, Arrest, Section 101.

The Supreme Court of the United States, in *Williamson* v. *United States*, 207 U. S., 425, 52 L. Ed., 278, 28 S. Ct., 163, held, as stated in paragraph three of the L. Ed. headnotes:

"3. All criminal offenses are comprehended by the terms 'treason, felony, and breach of the peace,' as used in U. S. Const. Art. 1, Sec. 6, cl. 1, excepting these cases from the operation of the privilege from arrest therein conferred upon Senators and Representatives during their attendance at the sessions of their respective houses, and in going to and returning from the same."

If the interpretation placed upon the words "treason, felony, and breach of the peace" by the Supreme Court of the United States in the above-captioned case be applied to the same words appearing in Section 2331.13 of the Ohio Revised Code, then there can be, under Section 2331.11 (D), Revised Code, no immunity from arrest for a criminal offense, because the exception to the immunity provision is inclusive of crimes of every character.

It is the opinion of the members of this court that the interpretation placed by the Supreme Court of the United States upon the wording of the exception to the immunity provision of the United States Constitution, in Article I, Section 6, should be adopted and placed upon the same words in Section 2331.13 of the Ohio Revised Code. Such interpretation makes untenable the claim of appellant to immunity from arrest while returning to his home from attendance at court as a defendant, during which trip he was arrested and charged with two criminal acts.

The judgment of conviction will be affirmed.

This court finding its judgment to be in conflict with that pronounced upon the same subject by the Court of Appeals for Greene County in *State* v. *McCoy,* 99 Ohio App., 161, 131 N. E. (2d), 679, orders that this case be certified to the Supreme Court of Ohio for review and final determination.

*Judgment affirmed.*

HUNSICKER, P. J., and DOYLE, J., concur.