Matthias, J.
The ultimate question to be determined is whether the privilege from arrest granted by Section 2331.11, Revised Code, to “suiters * * * and witnesses while going to, attending, or returning from court” applies to a defendant who, while returning home after a trial on a charge of operating a motor vehicle while under the influence of alcohol, is arrested on the way home for violating the ordinances of a city by operating his automobile without an operator’s permit and operating his automobile through a red traffic light.
The determinative question is whether the provision of Section 2331.13, Revised Code, that Sections 2331.11 and 2331.12, Revised Code, granting privilege from arrest, “do not extend to cases of treason, felony, or breach of the peace,” grants immunity only from civil arrest, for the reason that the phrase, “breach of the peace,” includes all criminal offenses. Within the facts of this case, does operating a motor vehicle without *513 a driver’s license and operating a motor vehicle through a red traffic-control signal constitute breaches of the peace?
Are all criminal offenses comprehended by the term, treason, felony or breach of the peace?
The Court of Appeals for Summit County in the instant case said, yes!
The Court of Appeals for Greene County in State v. McCoy, supra (99 Ohio App., 161), said, no!
In the McCoy case, the Court of Appeals held that the operation of a motor vehicle with fictitious license plates is not a breach of the peace so as to bring the operator within the exception contained in Section 2331.13, Revised Code, which provides, inter alia, that Section 2331.12, Revised Code, does not extend to cases of breach of the peace.
That court further stated that “the conclusion that every indictable misdemeanor constitutes a ‘breach of the peace’ is negatived by the enumerating of many offenses which have been defined by statute as offenses against the public peace,” and that “the operation of a motor vehicle with fictitious license plates has not been so designated' and we do not think it should be given such recognition.”
The court adopted the following definitions:
“The term [breach of the peace] is defined in 1 Restatement of the Law of Torts, 246, Section 116, as follows:
“ ‘A breach of the peace is a public offense done by violence or one causing or likely to cause an immediate disturbance of public order.’
“In 7 Ohio Jurisprudence (2d), 689, Section 1, it is stated:
“ ‘In general terms, a breach of the peace is a violation of public order, a disturbance of the public tranquility, by any act or conduct inciting to violence or tending to provoke or excite others to break the peace, or, as is sometimes said, it includes any violation of any law enacted to preserve peace and good order. It may consist of an act of violence or an act likely to produce violence.’ ”
The Court of Appeals in the instant case held:
*514 “The immunity from arrest set forth in Section 2331.11 (D). Revised Code, applies only to civil arrest, while returning from attendance at court.
“A person in such posture is not immune from criminal arrest.”
The court cited 4 American Jurisprudence, 68, Arrest, Section 101, and Williamson v. United States, 207 U. S., 425, 52 L. Ed., 278, 28 S. Ct., 163.
Thus, the conflict is for this court to resolve.
Section 2331.11, Revised Code, provides:
“The following persons are privileged from arrest:
< i * # #
“(D) * * * suiters * * * and witnesses, while going to, attending, or returning from court * * *.”
Section 2331.13, Revised Code, provides:
“Sections 2331.11 to 2331.14, inclusive, of the Revised Code do not extend to cases of treason, felony or breach of the peace íí # f f
Those sections are in Chapter 2331 entitled, “Execution against the Person.”
Section 2331.01 provides:
“An execution against the person of a judgment debtor shall require the officer to arrest such debtor and commit him to jail of the county until he pays the judgment, or is discharged according to law.”
All the sections in this chapter of the Revised Code from 2331.01 through 2331.16 appear to be related to this subject.
The Constitution of 1802 provided, in Section 15, Article VIII:
“The person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison, after delivering up his estate for the benefit of his creditor or creditors, in such manner as shall be prescribed by law. ’ ’
Now, the Constitution of 1851 provides, in Section 15, Article I:
“No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud.”
*515 That the judicial, legislative and executive branches of government were concerned with the abuses jof “civil arrest” in the early days of the state is illustrated by the case of Compton, Ault & Co. v. Wilder, 40 Ohio St., 130, in which it was held “that the service of a summons and an order of arrest, issued in a civil action brought by C., A. & Co. against W and made upon W directly after he had entered into a recognizance to appear before the Court of Common Pleas at its next term, and before conviction and before he had an opportunity to return home, was rightfully set aside.”
In the syllabus of Zumsteg v. American Food Club, Inc., 166 Ohio St., 439, 143 N. E. (2d), 701, this court recently spoke, as follows, on a related question:
“1. Under the provisions of Section 2331.11, Revised Code, parties and attorneys and certain other officers of a court are privileged from arrest while going to, attending, or returning from court.
“2. By the clear unambiguous language of Section 2331.13, Revised Code, such persons are not privileged from service of summons in a civil action. (Andrews v. Lembeck, 46 Ohio St., 38, and Barber v. Knowles, 77 Ohio St., 81, overruled.)”
The court in the above case was concerned with the same two statutes as in the instant case (Section 2331.11, Revised Code, “privilege from arrest,” and Section 2331.13, Revised Code, “application”) and was interpreting the effect of the words in Section 2331.13, “nor do they privilege any person specified in such sections from being served with a summons or notice to appear.”
It is noted that the American Food Club case was concerned with neither a civil nor criminal arrest but only with the service of summons in a civil case at the taking of a deposition.
The words, “privileged from arrest” while going to, attending, or returning from court, in paragraph one of the syllabus of the American Food Club case, were not defined in that case and have not hitherto been defined by this court.
The statute itself (Section 2331.13) limits the immunity so that it shall “not extend to cases of treason, felony, or breach of *516 the peace.” What then is meant by breach, of the peace? Does it include all criminal offenses?
It is quite pertinent that the statutes of Ohio, in Section 2941.06, Revised Code, provide the form to be used for either indictment or information, which would include all felonies and misdemeanors presented by a grand jury, and contain the words, ‘‘contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.”
It is obvious that, by adoption of this form, the General Assembly considered all criminal offenses to be against the peace and dignity of the state of Ohio or a breach of the peace.
An interesting discussion of what constitutes a “breach of the peace,” and one of few such discussions in the state, is found in Ex Parte Carroll, On Habeas Corpus, 12 W. L. B., 9, 9 Dec. Rep., 261, a case in which one Carroll was arrested on Sunday for playing baseball “at the baseball grounds of Columbus, Ohio,” in violation of law. Arguing that he was immune from arrest on Sunday, Carroll petitioned for a writ of habeas corpus.
The arguments of the person acting as prosecutor in that case are given and are interesting as well as persuasive with respect to the applicability of the immunity statutes to arrests for misdemeanors.
Excerpts from his argument follow:
“* * * it is argued that an arrest on Sunday for the misdemeanor of playing baseball on that day contrary to the statute (78 O. L., 126), cannot lawfully be made. We have a chapter called ‘Offenses against Public Peace’ — Secs. 6886, 6896, Rev. Stat. It is contended that Carroll’s offense is not within this class, and therefore the arrest was illegal. Assault and battery, robbery and rape are not there either, but it is neither law nor logic to conclude they are not breaches of. the peace. So of many other offenses even on the theory of counsel, that there must be some open, active violence to make a breach of the peace. Section 5459 does not say breach *517 of the public peace. It is simply ‘a breach of the peace’; any breaking — any peace.
i Í * # #
“It is suggested that the statute intended a reservation from annoyance in favor of our fellow citizens who engage in quiet misdemeanors on Sunday. You must wait until Monday before they can be arrested.
i l * # *
“Work out the view of counsel and Sunday becomes a day for deliberate lawlessness. Every class and hue and shade of misdemeanor may run riot except only those that have actual violence and putting in fear, or the like, accompanying them. Your policeman, or marshal, or constable, or sheriff, or deputy, or watchman, is a trespasser if he touches a sneak thief loaded down with plunder on the Sabbath Day.
‘ ‘ The latter may then laugh at a warrant and defy the power of the state. He may well say: ‘The state protects me in my lawlessness today, so I but keep each offense in the protected class of misdemeanors.’ The great cities of the state would exchange petty offenders over Sundays, and this exempted class of lawlessness would become a thriving industry. * * *
“If counsel are right, every ingathering of the police in the cities and villages of the state for years, has been an invasion of the thief’s rights and of his fellow offender’s rights, when made on Sunday. The police and mayor of this city, once a week, wrong some poor innocents! * * *
ÍÍ* * *
“The supremacy of the law is the type and guaranty of order, peace and security of life and person and property to every human being in the commonwealth. The violation of that law has broken that peace and good order, whether guilty of treason or petit larceny.”
And, in the opinion in that ease, Wylie, J., said:
“In the saving clause with which Sec. 5459, Eev. Stat., begins the words ‘breach of the peace,’ in my judgment, mean indictable misdemeanor.
*518 “The greater part of the violations of the criminal laws of the state are the lesser grades, and the law-making power did not intend to excuse from' arrest, at any time, those guilty of or charged with misdemeanors.”
See, also, 4 American Jurisprudence, 68, Arrest, Section 101, wherein it is stated:
“Parties and witnesses attending in good faith any legal tribunal which has power to pass upon the rights of the persons attending its sessions are privileged from arrest on civil process during their attendance and for a reasonable time in going and returning.
“This exemption exists only as to arrest on civil process; the courts do not recognize any similar privilege from arrest on a criminal charge.” (Emphasis added.)
Authorities which support the above statement are Thornton v. American Writing Machine Co., 83 Ga., 288, 9 S. E., 679, 20 Am. St. Rep., 320; Kalloch v. Elward, 118 Me., 346, 108 A., 256, 8 A. L. R., 750; Thompson’s Case, 122 Mass., 428, 23 Am. Rep., 370; Monroe v. St. Clair Circuit Judge, 125 Mich., 283, 84 N. W., 305, 52 L. R. A., 189; State v. Gillmore, 88 Kan., 835, 129 P., 1123, 47 L. R. A. (N. S.), 217; and White v. Underwood, 125 N. C., 25, 34 S. E., 104, 46 L. R. A., 706, 74 Am. St. Rep., 630.
Similar language is contained as follows in Section 12, Article II of the Constitution of Ohio:
“Senators and Representatives, during the session of the General Assembly, and in going to, and returning from the same, shall be privileged from arrest in all cases, except treason, felony, or breach of the peace.”
* Like provisions are in the Constitution of the United States, Section 6 of Article I of which provides:
“The Senators and Representatives shall * * * in all cases except treason, felony, and breach of the peace, be privileged from arrest during their attendance at the session of their respective houses and in going to and returning from the same # # # f f
That provision of the United States Constitution has been *519 interpreted by the Supreme Court of the United States in the syllabus of Williamson v. United Slates, supra (207 U. S., 425), as follows:
“The words ‘treason, felony and breach of the peace’ were used by the framers of the Constitution in Section 6, Art. I, and should be construed in the same sense.as those words were commonly used and understood in England as applied to the parliamentary privilege, and as excluding from the privilege all arrests and prosecutions for criminal offenses, and confining the privilege alone to arrests in civil cases.” (Emphasis added.)
Mr. Justice White, who delivered the opinion of the court, stated:
* the words ‘treason, felony and breach of the peace,’ as applied to parliamentary privilege, were commonly used in England prior to the Revolution and were there well understood as excluding from the parliamentary privilege all arrests and prosecutions for criminal offenses; in other words, as confining the privilege alone to arrests in civil cases, the deduction being that when the framers of the Constitution adopted the phrase in question they necessarily must be held to have intended that it should receive its well understood and accepted meaning.”
After tracing extensively the origin of the phrase, “treason, felony and breach of the peace,” as applied to parliamentary privilege, to fix the meaning of those words as understood in this country and in England prior to and at the time of the adoption of the Constitution, Justice White then quoted from Story’s treatise on the Constitution, as follows:
“ ‘Sec. 859. The next part of the clause regards the privilege of the members from arrest, except for crimes, during their attendance at the sessions of Congress, and their going to and returning from them. This privilege is conceded by law to the humblest suitor and witness in a court of justice; and it would be strange indeed if it were denied to the highest functionaries of the state in the discharge of their public duties. It *520 belongs to Congress in common with all other legislative bodies which exist, or have existed in America since its first settlement, under every variety of government, and it has immemorially constituted a privilege of both houses of the British Parliament.
66 6 * # #
“ ‘Sec. 865. The exception to the privilege is, that it shall not extend to “treason, felony, or breach of the peace.” These words áre the same as those in which the exception to the privilege of Parliament is usually expressed at the common law, and were doubtless borrowed from that source. Now, as all crimes are offenses against the peace, the phrase “breach of the peace” would seem to extend to all indictable offenses, as well those which are in fact attended with force and violence, as those which are only constructive breaches of the peace of the government, inasmuch as they violate its good order. * * *

6 6 6 * * #

“ ‘567. In the greater number of the Constitutions it is expressly provided, that members shall be privileged from arrest, during their attendance at the session of their respective houses, and in going to and returning from the same, in all cases, except “treason, felony, and breach of the peace.” This it will be recollected is the form in which the privilege is stated by Sir Edward Coke, and in which it is usually expressed by the English writers on parliamentary law; and it was undoubtedly adopted in the Constitutions as correctly expressing the parliamentary rule on the subject. * * * there can be no doubt, that the framers of these Constitutions intended to secure the privilege in question upon as reasonable and intelligible a foundation, as it existed by the parliamentary and common law of England; in short, that as in a multitude of other cases, they intended to adopt, with the words, the full meaning which had been given to them by usage and authoritative construction * * *. These reasons, alone, though others might be added, are sufficient to establish the point, that the terms “treason, felony and breach of the peace,” as used in our *521 Constitutions, embrace all criminal cases and proceedings whatsoever.’ ”
If the interpretation placed upon the words, “treason, felony, and breach of the peace,” by the Supreme Court of the United States in the above case, as used in the United States Constitution, Section 6 of Article 1, excepting such class of cases from the operation of the privilege from arrest, is applied to the same words appearing in Section 12, Article II of the Constitution of Ohio, and in Section 2331.13, Revised Code, then in Ohio there can be no immunity from arrest for a criminal offense because the exception to the immunity provision includes all crimes and misdemeanors of every character.
The interpretation placed by the Supreme Court of the United States upon the wording of the exception to the immunity provision in Section 6, Article I of the United States Constitution, should be, and it hereby is, adopted and placed upon the same words in Section 2331.13 of the Ohio Revised Code.
Such interpretation makes untenable the claim of appellant to immunity from arrest while returning to his home from attendance at court as a defendant, during which trip he was arrested and charged with two misdemeanors.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Bell, Herbert and Peck, J J., concur.