Lou Dean GARCIA, Plaintiff and Respondent,

v.

Charles William GARCIA, Defendant and Appellant.

No. 19349.

Supreme Court of Utah.

Jan. 10, 1986.

---

Mary C. Corporan, Salt Lake City, for defendant and appellant.

Lou Dean Garcia, Salt Lake City, pro se.

PER CURIAM:

This case is here on rehearing granted for the purpose of addressing the question of jurisdiction. Appellant seeks reversal of an order of the trial court denying him relief from operation of a decree of divorce.

The parties were married on October 17, 1968. On December 17, 1968, respondent bore a child. Respondent sought and obtained a decree of divorce on March 14, 1973, at a time when appellant was incarcerated in the Utah State Prison.[1] The default decree awarded custody of the child to respondent and ordered appellant to pay $65 per month child support, beginning sixty days after his release from prison.

In January 1981, appellant was released from prison. Appellant sought the services of a lawyer in 1983, apparently after state welfare recovery services sought to enforce the support obligation specified in the decree of divorce. Counsel filed a "Motion for Order of Relief from Judgment" and a "Petition for Modification of Divorce Decree," both of which were denied by the trial court. This appeal followed.

Appellant argues that the divorce decree should be set aside under Rule 60(b)[2] since he was not properly served with process. The return of process, signed by a deputy sheriff, states that appellant was served by delivering a copy of the summons and complaint to "Mr. Johnson, head of State Prison personnel office." Appellant contends that he never received a copy of the summons and complaint and that, in any event, service upon a prison officer does not constitute effective service of process on a prisoner.

Rule 4(e)(1) provides for personal service as follows:

Upon a natural person of the age of 14 years or over, by delivering a copy thereof to him personally, or by leaving such copy at his usual place of abode with some person of suitable age and discretion there residing; or by delivering a copy to an agent authorized by appointment or by law to receive service of process.

Under the foregoing rule, appellant could have been served by delivering a copy of the summons to him personally. Case law of other jurisdictions generally favors this type of civil service of process on prisoners. *See White v. Underwood*, 125 N.C. 25, 34 S.E. 104 (1899); *Merchant's Administrator v. Shry*, 116 Va. 437, 82 S.E. 106 (1914); *Steindler Paper Co. v. Charlevoix Circuit Judge*, 234 Mich. 288, 207 N.W. 896 (1926). Appellant was not served in this manner in the instant case.

■ The rule also permits service "by leaving such copy of his usual place of

---

1. Appellant was convicted of burglary and grand larceny in May 1969.

2. All references to Rules herein are to Utah Rules of Civil Procedure.

abode with some person of suitable age and discretion there residing." Service was not made under this provision since the summons was left with a prison officer who clearly did not reside at appellant's usual place of abode.[3]

■ The final method by which process may be served under Rule 4(e)(1) is "by delivering a copy to an agent authorized by appointment or by law to receive service of process." Where service is upon an appointed agent, the requirements are rather stringent: the agent must normally have been appointed for the specific purpose of receiving process. *See* Wright & Miller, Federal Practice and Procedure: Civil § 1097. Appellant has appointed no such agent in the instant case. An agent may also be authorized by law to receive service of process. Arguably, a county sheriff or jailer might receive service of process for prisoners in their custody under U.C.A., 1953, § 17–22–6, but there is no parallel statute covering persons incarcerated in the state prison. Appellant therefore has no authorized agent who could receive service for him.

■ Under the foregoing analysis, the attempted service on appellant was fatally defective. There being no effective service of process, the court was without jurisdiction to enter the original decree of divorce.[4]

■ Although respondent has not filed a brief in this matter, it might be argued that appellant's motion to set aside the decree is too late. Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may in the furtherance of justice relieve a party of his legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) when, for any cause, the summons in an action has not been personally served upon the defendant as required by Rule 4(e) and the defendant has failed to appear in said action; (5) the judgment is void; .... The motion shall be made within a reasonable time and for reasons (1), (2), (3), or (4), not more than three months after the judgment, order, or proceeding was entered or taken.

Under subsection (4), a party has only three months to challenge a judgment where jurisdiction is obtained on constructive service (pursuant to Rule 4(f) ). *See* 7 Moore's Federal Practice ¶ 60.32; *People v. One 1941 Chrysler*, 81 Cal.App.2d 18, 183 P.2d 368 (1947). Even under subsection (5), a void judgment seemingly must be challenged within a "reasonable time." But where the judgment is void because of a fatally defective service of process, the time limitations of Rule 60(b) have no application. *Woody v. Rhodes*, 23 Utah 2d 249, 461 P.2d 465 (1969).

This is consistent with holdings under the Federal Rules, after which our Rules were patterned. As noted in Wright & Miller, Federal Practice and Procedure: Civil § 2862:

> Rule 60(b)(4) [the equivalent to Utah Rule 60(b)(5) ] authorizes relief from void judgments.[5] Necessarily a motion under this part of the rule differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). Nor is there any requirement, as there usually is when default judgments are attacked under Rule 60(b), that the moving party show that he has a meritorious defense.

---

3. We need not decide whether appellant's "usual place of abode" is his family residence or the prison. For guidelines on this topic *see* 32 A.L. R.3d 112, at § 16.

4. The requirements of Rule 4 relating to service of process are jurisdictional. *See Martin v. Nelson*, Utah, 533 P.2d 897 (1975); *Murdock v. Blake*, 26 Utah 2d 22, 484 P.2d 164 (1971); *Fibreboard Paper Products v. Dietrich*, 25 Utah 2d 65, 475 P.2d 1005 (1970).

5. In a later paragraph in the cited reference, it is explained that a judgment is not void because it is merely erroneous. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or the parties, or if it acted in a manner inconsistent with due process of law.

Either a judgment is void or it is valid. Determining which it is may well present a difficult question, but when that question is resolved, the court must act accordingly.

By the same token, there is no time limit on an attack on a judgment as void. The one-year [three-month, in Utah] limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a "reasonable time," which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor.

Because we have concluded that the trial court had no jurisdiction to enter the divorce decree in the first instance, the order denying relief from judgment must be, and is, reversed. The case is remanded for entry of judgment vacating the decree of divorce because of the ineffective service of process. In view of our holding that the decree is void for lack of jurisdiction, we need not address points raised in the petition for modification.

No costs awarded.