# BYLUND v. CROOK et al.

### No. 3764.   Decided June 21, 1922.   (208 Pac. 504.)

1. MORTGAGES—SECOND MORTGAGEE ENCOURAGING FIRST MORTGAGEE TO FORECLOSE CANNOT COMPLAIN OF REFUSAL TO SET ASIDE DE-FAULT. A second mortgagee, which knew of and encouraged the first mortgagee in foreclosure procedings, including the sale of the property, cannot complain of the court's refusal to set aside a default judgment and subsequent proceedings thereunder.

2. MORTGAGES—SECOND MORTGAGEE CANNOT COMPLAIN OF REFUSAL TO SET ASIDE DEFAULT JUDGMENT FORECLOSING PURCHASE-MONEY MORTGAGE BECAUSE OF MISTAKE IN DATING DEED AS OF DATE SUBSEQUENT TO EXECUTION OF MORTGAGE. A second mortgagee cannot complain of a refusal to set aside a default judgment foreclosing a purchase-money mortgage on the ground that it was invalid because of a mistake in dating the deed as of a date subsequent to that on which both instruments were executed; the legal effect thereof, if no mistake were made, being to give a mortgage on after-acquired property.

3. MORTGAGES—SECOND MORTGAGEE CANNOT COMPLAIN OF REFUSAL TO SET ASIDE DEFAULT JUDGMENT FORECLOSING FIRST MORTGAGE WHILE IN PLEDGE. Where a first mortgagee pledged the mortgage and debt secured to his banker as security for a loan, a second mortgagee could not complain of a refusal to set aside a default judgment for the first in a foreclosure suit brought with the banker's permission, on the ground that plaintiff was not the actual owner of the mortgage.

4. JUDGMENT—REFUSAL TO SET ASIDE DEFAULT GENERALLY REGARDED AS ABUSE OF DISCRETION. It is generally regarded as an abuse of discretion for a trial court not to set aside a default judgment when there are any reasonable grounds, such as mistake, inadvertence, excusable neglect, fraud, or deceit, and timely application is made.

Appeal from District Court, Fourth District, Utah County;
*Elias Hansen,* Judge.

Action by Erick O. Bylund against Charles E. Crook and
wife, and the Payson Exchange Savings Bank. From an
order denying a motion to set aside a default judgment for
plaintiff, defendant Bank appeals.

AFFIRMED.

*R. A. Porter,* of Payson, and *Chas Hatch,* of Provo, for
appellant.

*J. H. McDonald,* of Provo, for respondent.

CORFMAN, C. J.

This was an action brought by the plaintiff to foreclose a
mortgage given to secure the purchase price of land sold by
him to the defendant Charles E. Crook on April 2, 1919.
The deed of conveyance made by the plaintiff to the defend-
ant Charles E. Crook bears date of April 14, 1919, and the
mortgage given by the defendants Charles E. Crook and
Alvera L. Crook, his wife, to the plaintiff for the purchase
price, April 2, 1919, the date the sale was consummated. In
truth and in fact, as the record here shows, both deed and
mortgage were executed on the same day, the deed first and
the mortgage immediately thereafter. The record shows that
the dating of the deed April 14, 1919, was an error on the
part of the scrivener who prepared the deed and mortgage;
that it was intended by all the parties interested in the trans-
action that the deed should bear the same date as the mort-
gage, the true date of the transaction. Both instruments
were duly recorded in the office of the county recorder for
Utah county, the county wherein the lands are situated, on
the same day, April 19, 1919. On December 20, 1920, the
defendant Payson Exchange Savings Bank, a corporation,
took a second mortgage from the defendant Charles E. Crook

on the same premises as security for the payment of a debt
owing to said bank. In March, 1921, the defendant Charles
E. Crook having defaulted, under the terms and conditions
of the said mortgage given to the plaintiff, a foreclosure suit
was commenced in the district court of Utah county by the
plaintiff in which all of the defendants were made parties,
the defendant bank as the holder of a subsequent or inferior
mortgage to that of the plaintiff. The defendant bank ap-
peared in said action and filed a general demurrer to the
plaintiff's complaint. On April 2, 1921, said demurrer was
overruled by request of the defendant bank, and 10 days'
time taken to answer, without notice. May 16, 1921, all the
parties defendant, including the defendant bank, having
failed to answer, plaintiff duly filed his præcipe for default
against all the defendants, and on the same day, after pre-
senting his proof to the court, was given judgment and a·
decree of foreclosure against all the parties defendant, in-
cluding the bank. Pursuant to said judgment and decree
the premises were sold at foreclosure sale June 9, 1921. June
10, 1921, the defendant bank filed its motion before the dis-
trict court in said cause to vacate and set aside the default
entered against it and the subsequent proceedings had there-
under by the plaintiff, upon the grounds of fraud, mistake,
and excusable neglect. Said motion was supported by affi-
davits and accompanied by an answer, among other things
not material here, to the effect: First, that said judgment
by default had been taken while an attempt was being made
by the plaintiff to dispose of his first mortgage to defendant
bank; second, that, by reason of the datings of the deed and
mortgage in the sale transaction between the plaintiff and
the defendant Charles E. Crook, defendant bank's mortgage
became a first mortgage lien on the premises; third, that the
plaintiff was not the owner of the note and mortgage sued
upon by him nor while the said foreclosure proceedings were
had. At the hearing of the said motion the court received
evidence, oral and documentary, in support thereof, and
thereafter denied the same. The defendant bank appeals.

There is absolutely no merit in the appeal. From the rec-

ord it appears that the defendant bank not only knew of, but encouraged, the plaintiff in the foreclosure proceedings had before the court right up to and including the sale of the property. Moreover, the defendant bank had no meritorious defense, legal or equitable, under the facts disclosed by the record. The bank took a second mortgage, and, because of the mistake of the scrivener in wrongly dating the deed, contends that the plaintiff's mortgage was **1-3** invalid. Assuming that there was no mistake made, and that it was the actual intention of the parties to date the deed as it was dated, the legal effect would be that of giving a mortgage on after-acquired property. Then, as to the claim made by the defendant bank that the plaintiff was not the owner of the mortgage foreclosed by him, the evidence shows beyond dispute that plaintiff was the actual owner; that he had merely pledged the mortgage and the debt secured thereby to his banker as security for a loan; that he had a perfect right to do. If his banker permitted him to bring suit to foreclose, that was a matter between the plaintiff and the banker, and with which the defendant bank should not be concerned.

Our trial courts are usually very liberal in vacating and setting aside default judgments entered against a defaulting party by reason of mistake, inadvertence, or **4** excusable neglect, or in case where there has been fraud or deceit practiced. Under our practice it is generally regarded as an abuse of discretion for a trial court not to vacate and set aside a default judgment when there is any reasonable ground for doing so, and timely application is made. But in this particular instance it is our judgment that no reasonable grounds existed, and that it would have been error for the court to have done so.

Judgment is affirmed, with costs.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.