LASHBROOK v. COPENHAVER (SALT LAKE COUNTY, Garnishee).

No. 4540.   Decided August 15, 1927.   (259 P. 191.)

*S. P. Armstrong,* of Salt Lake City, for appellant.

*James White* and *W. B. Kelly,* County Atty., both of Salt Lake City, for respondents.

GIDEON, J.

This appeal presents only a question of fact. In January, 1914, an action was instituted by the plaintiff in the city court of Salt Lake City. The title of the action was C. H. Lashbrook, plaintiff, v. L. C. Copenhaver, defendant. Summons was served by one Struthers, a deputy sheriff. The return of the deputy recites that he served the same upon L. C. Copenhaver "by delivering to and leaving with said defendant's wife, a suitable person over the age of 14 years, at the usual place of abode of the said defendant in Salt Lake county, Utah, a true copy of said summons." A default judgment was entered by the clerk of the city court in such action on March 18, 1920. The title of the case was then C. H. Lashbrook, plaintiff, v. L. C. Copenhaver, defendant. Thereupon an execution was issued. The caption or title of this paper was C. H. Lashbrook v. Sol Copenhaver. This execution was returned wholly unsatisfied on September 20, 1920. On return of the execution and upon the filing of an affidavit by plaintiff, the party appearing in this action as Sol Copenhaver or Sol J. Copenhaver was cited into court to answer an oath respecting his property. A hearing was had and apparently the only order made was to discharge the defendant. We

do not see in what way or manner the proceedings growing out of and connected with this citation are material to this appeal. The fact that such proceedings were had, however, is recited in the record in detail, and apparently some importance is attached to these proceedings by the plaintiff for the reason that Sol or Sol J. Copenhaver failed at that time to declare that he had never been served with summons and is not the defendant named in the original action. The failure of Sol Copenhaver to make any declaration at that hearing cannot affect the jurisdiction of the court to enter judgment in the original action if no summons had been served upon him. On February 24, 1923, another execution was issued, and the title of the action was C. H. Lashbrook v. Sol Copenhaver. Under that execution a garnishment was served upon Salt Lake county and upon the answer of the said garnishee, Salt Lake county, judgment was given against the county as such garnishee. Defendant Sol Copenhaver thereupon appeared in the action and filed a motion asking the court to recall the execution and set aside the judgment against the garnishee for the reason, as stated in the motion, that the judgment upon which the execution was issued was against L. C. Copenhaver, and that L. C. Copenhaver is not the same or identical person as Sol Copenhaver. On April 30, 1923, the court granted the motion and found that Sol Copenhaver had never been served with summons, and recalled the execution issued on February 24th, and set aside the judgment against the garnishee, Salt Lake county.

The record in the city court discloses that plaintiff, in April, 1923, filed a motion to amend the title of the action by substituting or inserting the name of S. J. Copenhaver, otherwise known as Sol Copenhaver, as defendant, in lieu of L. C. Copenhaver, and it was stated in that motion that by inadvertence the suit was instituted against L. C. Copenhaver when it should have been brought against S. J. Copenhaver or Sol Copenhaver. The plaintiff appealed to the district court from the order of April 30th recalling the ex-

ecution and setting aside the judgment against the garnishee. The motion of Sol Copenhaver to recall the execution and set aside the garnishment judgment was brought on for trial in the district court. Evidence was heard in support of the motion, and also against the granting of such motion. The court entered its order recalling the execution against Sol Copenhaver and set aside the judgment against the garnishee, Salt Lake county, and found as a fact that there had never been any valid judgment against S. J. Copenhaver, otherwise known as Sol Copenhaver, and that Sol Copenhaver had never been served with summons in the action. From that judgment this appeal is prosecuted.

It is not necessary to discuss the contention of counsel that if L. C. Copenhaver and Sol Copenhaver be one and the same person the judgment entered against L. C. Copenhaver is binding upon the defendant S. J. Copenhaver or Sol Copenhaver. If, in fact, Sol J. Copenhaver and L. C. Copenhaver be one and the same person and summons was served on him whether in the name of L. C. Copenhaver or Sol Copenhaver, then the judgment was binding on the defendant regardless of the particular name under which service was had. The district court as well as the city court heard evidence upon this particular question; namely, are L. C. Copenhaver and Sol Copenhaver one and the same person? The evidence is conflicting.

Plaintiff attempted to overcome the contention of Sol Copenhaver that he had never been served with summons by filing or having filed an amended return on February 20, 1924, reciting that L. C. Copenhaver originally served in the action was in fact Sol Copenhaver. That return was made long after the proceeding complained of here in the city court had been consummated and could, at most, be only evidence which the court might consider in determining the claim made on the part of Sol Copenhaver. The court after hearing the defendant's testimony found that there was no valid judgment against Sol Copenhaver; that Sol Copenhaver had never been served

with summons in the original action pending before the city court; that the execution against Sol Copenhaver was not properly issued; and that the judgment entered against the garnishee should be recalled and set aside, and made its order accordingly. As stated, there was conflicting evidence on the particular question presented on this appeal. The defendant Sol Copenhaver testified that he was never indebted to the plaintiff, had not purchased groceries from her, and knew nothing of the suit until long after judgment had been entered. The defendant's wife testified positively that she had never been served with summons, and that neither she nor her husband was indebted to the plaintiff for groceries or otherwise. It is true, there was testimony directly opposed to that of defendant and his wife. If the court had made contrary findings, its findings would have been amply supported by substantial and rather convincing testimony, but the trial court saw and heard the witnesses and made findings on this disputed testimony contrary to the contention of the plaintiff, and we are not justified in disturbing such findings. Judgment affirmed at plaintiff's cost.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.