461 P.2d 465

**Bill S. WOODY, dba Woody Drilling Company, Plaintiff and Appellant,**

**v.**

**Bert RHODES and Vaughn Rhodes, Defendants and Respondents.**

No. 11732.

Supreme Court of Utah.

Nov. 21, 1969.

**250**

Ted S. Perry, Logan, for plaintiff-appellant.

Richard F. Gordon, Brigham City, for defendants-respondents.

TUCKETT, Justice.

The plaintiff commenced this action in the court below seeking to recover on a promissory note and also on an oral contract to drill a well for the defendants. Complaint was filed on February 15, 1968, and the summons was served on February 20, 1968, by a deputy sheriff of Box Elder County. The sheriff's return shows that the summons was served on the defendant Vaughn Rhodes by leaving a copy of the summons and complaint with Mrs. Vaughn Rhodes, wife of the defendant. However, the deputy sheriff at the time of service endorsed on the copy of the summons left with Mrs. Vaughn Rhodes the following: "Served this summons and complaint on the within named defendant Bert Rhodes on the 20th day of February, 1968, at Tremonton,, Box Elder County, Utah." Bert Rhodes,. who was a resident of the State of Nevada,. was temporarily in Box Elder County,. Utah, and upon his return home he took the copy of the complaint and summons with. him. A judgment by default was entered. against the defendant Vaughn Rhodes on: April 2, 1968, and the action was dismissed as against the defendant Bert Rhodes.. Vaughn Rhodes learned of the default judgment in January of 1969, and thereafter in April of that year filed a motion to set aside the default judgment. The defendant also filed an answer and counter-claim.

After a hearing by the court, the court vacated and set aside the judgment. It is the plaintiff's contention here that the provisions of Rule 60(b), Utah Rules of Civil Procedure, required that the defendant file his motion within a period of not more than three months after entry of the judgment. It is quite apparent in this case that the facts show an invalid service of summons.[1] The endorsement upon the summons which indicated that the defendant Bert Rhodes was being served would surely tend to mislead the defendant Vaughn Rhodes as to whether or not he was the person required to answer. The service of summons being fatally defective, the judg-

---

1. Columbia Trust Co. v. Steiner, 71 Utah 498, 267 P. 788; Lashbrook v. Copenhaver, 70 Utah 163, 259 P. 191; State Tax Commission v. Larsen, 100 Utah 103, 110 P.2d 558.

ment entered pursuant thereto is without force or effect and the court acted properly in setting it aside. The three-months provision provided for in Rule 60(b) has no application to this situation.

The plaintiff further contends that the order of the court setting aside the judgment also dismissed his action. We do not interpret the order of the court as going that far. It appears that the defendant having answered and filed his counterclaim has now submitted himself to the jurisdiction of the court, and the court can now proceed to hear the case on its merits. The defendant and respondent here does not claim that the plaintiff's complaint has been dismissed.

The order of the court below setting aside the judgment by default is affirmed and the case is remanded to that court for further proceedings. The respondent is entitled to costs.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur

ELLETT, J., concurs in the result.