**STAN KATZ REAL ESTATE, INC., a corporation, Plaintiff and Respondent,**

v.

**Daniel O. CHAVEZ, Defendant and Appellant.**

**No. 14775.**

Supreme Court of Utah.

June 20, 1977.

Gregory B. Wall, Salt Lake City, for defendant and appellant.

Gary A. Weston, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

On April 18, 1974, the plaintiff filed a complaint against the defendant in the District Court of Salt Lake County seeking damages for the latter's alleged breach of contract. Service of process was made by a deputy constable on May 22, 1974, who left a copy of the summons and complaint with the defendant's mother at 1118 West Eighth South, Salt Lake City, Utah. A typewritten notation was placed on the proof of service return as follows:

Mother stated he [the defendant] had just gone to the store and he did live there and would be right back.

The defendant failed to answer the plaintiff's complaint and on June 13, 1974, the District Court entered a default judgment in the plaintiff's favor and against the defendant in the sum of $7,700, attorney fees of $315 and costs of $26. On August 9, 1976, and pursuant to Rule 60(b), Utah Rules of Civil Procedure (all references to rules will be to the Utah rules unless otherwise indicated), the defendant filed a motion to set aside said default judgment on the ground that he had not been personally served as required by Rule 4(e).[1] In support of his motion to set aside the judgment, defendant filed an affidavit wherein he asserted, inter alia, "That he was not living or residing at the home of his parents at the time plaintiff alleges that service was made upon his mother." A hearing was held in the District Court on the defendant's motion, and the factual issue of the place of defendant's residence at the time of service of process was submitted to the Court on the basis of the defendant's affidavit and the notation on the return as noted above. From the District Court's denial of said motion, the defendant now appeals.

We recognize that Rule 43(e)[2] allows the District Court to grant or deny a motion on the sole or combined bases of affidavits, depositions or oral testimony. However, when no depositions have been taken and disputed material facts are alleged in opposing affidavits, there should be an evidentiary hearing to aid in the resolution of those facts. The reasons for requiring an evidentiary hearing under these circumstances were enunciated in *Autera v. Robinson*, 136 U.S.App.D.C. 216, 419 F.2d 1197, 1202 (1969),[3] as follows:

Had no factual dispute arisen to plague the parties' substantive rights, we would perceive no difficulty in the judge's acceptance as a predicate for his action, of the facts represented through statements by members of the bar and affidavits of the parties or others. In this case, however, despite the factual questions developing as the hearing moved along, no opportunity was afforded anyone to test any representation by the chastening process of cross-examination . . . The opportunity to judge credibility was non-existent as to the absent affiants; the opportunity to probe by cross-examination was completely lacking. Without these twin tools, normal in the trial of factual issues, the factual conclusion was certain to take on an unaccustomed quality of artificiality . . . We recognize, of course, that trial judges have a discretion to hear and determine ordinary motions either on affidavits or oral testimony portraying facts not appearing of record. We note, however, that an attempted resolution of factual disputes on conflicting affidavits alone may pose the question whether the discretion was properly exercised.

In the present case, it appears that there is a dispute on the fact of the usual place of abode of the defendant because of the nota-

1. Rule 4(e) provides that process may validly be served upon an individual "by leaving such copy [i. e., copy of the summons and complaint] at his usual place of abode with some person of suitable age and discretion there residing . . . ." At the District Court and on appeal, plaintiff did not raise the issue of the possible untimeliness of defendant's motion to set aside the default judgment. Consequently, we will not treat that issue here, but see Rule 60(b) and *Woody v. Rhodes*, 23 Utah 2d 249, 461 P.2d 465 (1969) on this point.

2. Rule 43(e) states: "When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

3. In *Autera,* the defendants' filed a verified motion for "Entry of Judgment in Accordance with Agreement of the Parties" which was contested by plaintiffs' affidavits. Since the disputed factual issue of the valid execution of the "Agreement of the Parties" had been resolved by the trial judge upon a mere examination of the verified motion, opposing affidavits, and oral argument by counsel, the Circuit Court remanded the motion for an evidentiary hearing wherein witnesses would testify.

tion on the return of process which conflicts with the allegations in the defendant's affidavit. Where a crucial conflict arises, as in this case, the matter should be resolved by depositions or an evidentiary hearing so that the factors for testing representations of witnesses as found in *Autera,* supra, obtain. Accordingly, we reverse the District Court's denial of the defendant's motion to set aside the default judgment and remand said motion for an evidentiary hearing on the disputed factual issue of the defendant's usual place of abode at the time process was served upon his mother. Cost to defendant.

ELLETT, C. J., and MAUGHAN, J., concur.

CROCKETT, Justice (concurring with added comment):

I agree that at least there should be a hearing in regard to defendant's residence. But I would go further.

It is my view that the defendant's statement in his affidavit under oath that he did not reside at that address and had not received the summons stands unrefuted. The notation on the return of summons quoting the statement of a third party (his mother) is hearsay as to the defendant and not binding upon him. In the absence of a challenging pleading of equal dignity with his affidavit, there is no basis upon which the court could find contrary to his averment. In accordance with what has been said above, and with the declared policy of the law to be liberal in setting aside a default judgment to the end that a party may have his day in court, I would remand for that purpose. See *Westinghouse Electric Supply Company v. Paul W. Larsen Contractor, Inc.,* Utah, 544 P.2d 876; and *Bylund v. Crook,* 60 Utah 285, 208 P. 504.

HALL, J., does not participate herein.