**2021 UT App 122**

## THE UTAH COURT OF APPEALS

KRISTINE L. SANDERS,
Appellee,
*v.*
TRAVIS JAMES SANDERS,
Appellant.

Opinion
No. 20200618-CA
Filed November 12, 2021

Third District Court, Salt Lake Department
The Honorable Todd M. Shaughnessy
No. 014901182

S. Grace Acosta, Attorney for Appellant

Steven M. Rogers, Nic R. Russell, Kelly J. Baldwin,
and Wylie C. Thomas, Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and JILL M. POHLMAN
concurred.

ORME, Judge:

¶1     Travis James Sanders appeals the district court's order
dismissing his motion brought under rule 60(b) of the Utah
Rules of Civil Procedure to invalidate a "renewed" judgment
Kristine L. Sanders obtained against him. We reverse and
remand to the district court with instructions to consider the
motion on its merits.

## BACKGROUND

¶2    Travis and Kristine divorced in 2001.[1] Soon thereafter, Kristine obtained several judgments against Travis. In 2011, the district court renewed these judgments at Kristine's request. Kristine was unable to fully collect on these judgments, and in January 2019, she again moved to have them renewed. Travis opposed the renewal and moved under rule 60(b) of the Utah Rules of Civil Procedure to set aside the judgments, primarily arguing that he had already satisfied them. The court denied Travis's 60(b) motion, consolidated the judgments into a single lump-sum judgment, and renewed the judgment for a second time in May 2019. Travis did not appeal this order.

¶3    Nearly a year later, Travis filed a second 60(b) motion, this time under rule 60(b)(4) seeking to set aside the consolidated judgment as void on the theory that the court lacked jurisdiction under the Renewal of Judgment Act to renew the judgment for a second time. *See* Utah Code Ann. § 78B-6-1802 (LexisNexis 2018). The district court denied the second motion, ruling that it was "procedurally improper" because "[t]he arguments raised in that motion could and should have been raised in the prior motion."[2] Travis appeals.

---

1. Because the parties share the same surname, we refer to them by their first names, with no disrespect intended by the apparent informality.

2. In making this ruling, the district court did not cite any rule of civil procedure or caselaw. But it is apparent that its ruling was premised on the ground that Travis waived his voidness argument under rule 60(b)(4) because our Supreme Court has held that rule 12(h) applies to rule 60(b) motions to prohibit a party in certain instances from asserting defenses in a second

(continued…)

## ISSUE AND STANDARD OF REVIEW

¶4     Travis argues that the district court erred in denying his motion on procedural grounds.[3] Normally, "we review a district court's denial of a 60(b) motion under an abuse of discretion standard of review." *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480. But when dealing with a rule 60(b)(4) motion seeking to set aside a judgment as void, we review the district court's decision for correctness. *See Migliore v. Livingston Fin., LLC*, 2015 UT 9, ¶ 25, 347 P.3d 394. In addition, we review a district court's interpretation and application of our rules of civil procedure for correctness. *Conner v. Department of Com.*, 2019 UT App 91, ¶ 15, 443 P.3d 1250. Kristine implores us to review the court's decision for abuse of discretion. But here, given that the district court's ruling dealt with a rule 60(b)(4) motion to set aside the judgment

---

(…continued)
60(b) motion that could have been brought in the first motion. *See Utah v. 736 N. Colo. St.*, 2005 UT 90, ¶¶ 8–11, 127 P.3d 693.

3. Travis also asks us to hold that the judgment was void under rule 60(b)(4) of the Utah Rules of Civil Procedure because the district court violated the Renewal of Judgment Act by renewing the judgment for a second time. *See* Utah Code Ann. § 78B-6-1802 (LexisNexis 2018). Travis argues that a judgment can be renewed only once because the Act allows for a judgment to be renewed so long as the motion to renew "is filed before the statute of limitations on the *original* judgment expires," *id.* § 78B-6-1802(2) (emphasis added), and thus does not permit a party to seek renewal for a second time as that would not be a renewal of the original judgment but rather a renewal of the renewed judgment. But because the district court dismissed Travis's motion on procedural grounds and did not reach the merits of this argument, we decline to address this issue in the first instance and remand so the district court can first consider the merits of Travis's second 60(b) motion.

as void and because the court was interpreting our rules of civil procedure when it ruled Travis's motion was procedurally improper, we do not grant the district court any discretion, and we review its decision for correctness. *Compare Menzies*, 2006 UT 81, ¶ 54, *with Conner*, 2019 UT App 91, ¶ 15.

ANALYSIS

¶5    As relevant here, rule 60 of the Utah Rules of Civil Procedure provides as follows:

> (b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon just terms, the court may relieve a party or its legal representative from a judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud . . . , misrepresentation or other misconduct of an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable that the judgment should have prospective application; or
>>
>> (6) any other reason that justifies relief.

(c) *Timing and effect of the motion.* A motion under paragraph (b) must be filed within a reasonable time and for reasons in paragraph (b)(1), (2), or (3), not more than 90 days after entry of the judgment or order or, if there is no judgment or order, from the date of the proceeding. The motion does not affect the finality of a judgment or suspend its operation.

(d) *Other power to grant relief.* This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . .

Utah R. Civ. P. 60(b)–(d).

¶6 The district court dismissed Travis's second 60(b) motion on the basis that "[t]he arguments raised in that motion could and should have been raised in the prior motion," thereby rendering the motion "procedurally improper." Travis argues that the court erred in this ruling because our rules of civil procedure do not prohibit him from bringing a second motion on the ground that the judgment was void due to the court's lack of subject matter jurisdiction given the terms of the Renewal of Judgment Act. This argument appears to be sound.

¶7 Kristine disagrees. She defends the district court's waiver ruling and advances two alternative grounds on which she believes we should uphold the ruling. Her first alternative argument is that Travis's second motion was simply a motion to reconsider, which is not allowed. Second, she contends that the district court's ruling can be upheld because Travis failed to file his second motion within ninety days of entry of the judgment as renewed a second time or in a reasonable time as provided in rule 60(c). We first address and reject the court's ruling that Travis waived his 60(b)(4) argument by not bringing it in his first motion. We then turn to address each of the alternative

arguments Kristine believes nonetheless warrant our affirming the district court.

## I. Waiver

¶8 Travis asserts that rule 60(b) did not prohibit him from bringing his second 60(b) motion in May 2020, which motion was premised on the judgment being void under rule 60(b)(4). Kristine counters by pointing to *Utah v. 736 North Colorado Street*, 2005 UT 90, 127 P.3d 693, which states that "a party waives the right to bring [additional defenses] if the party does not raise that defense in his initial rule 60(b) motion." *Id.* ¶ 11. But *736 North Colorado Street* is distinguishable from the case at hand.

¶9 In *736 North Colorado Street*, the State initiated forfeiture proceedings against the petitioner to seize his property. *Id.* ¶ 2. After unsuccessful attempts to serve the petitioner by mail, the State moved for, and was granted, default judgment. *Id.* After learning of the default judgment, the petitioner filed a 60(b) motion to set aside the judgment. *Id.* ¶ 3. As part of his motion, the petitioner argued that the Utah Code "mandated that a notice of seizure be personally served and that the service by mail was improper under Utah Rule of Civil Procedure 4." *Id.* In so doing, the petitioner "did not directly refer to or specifically raise a defense based on insufficient service of the complaint." *Id.* The district court denied the motion, *id.* ¶ 4, and the petitioner later filed a second rule 60(b) motion on the ground "that the district court lacked jurisdiction to enter a default judgment against him because he was not personally served with the complaint," *id.* ¶ 5. The court denied the second motion, "concluding that [the petitioner] had waived that defense by not raising it in his initial rule 60(b) motion." *Id.*

¶10 Our Supreme Court affirmed the district court's denial of the second motion. *Id.* ¶ 14. It noted that while the petitioner "did not articulate which prong of rule 60(b) he brought his motions under, it appears that the motions were rule 60(b)(4)

motions to set aside a default judgment because 'the judgment is void.'" *Id.* ¶ 3 n.3. It then held that rule 12(h) of the Utah Rules of Civil Procedure "applies to rule 60(b) motions." *Id.* ¶ 7. Rule 12(h), in turn, provides,

> A party waives all defenses and objections not presented either by motion or by answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court must dismiss the action. . . .

Accordingly, the Court held that the petitioner waived his 60(b)(4) argument that the judgment was void due to lack of personal jurisdiction, and therefore he could not bring it in a second motion because "[h]e could have asserted his complaint defense in [the first] motion but did not." *736 N. Colo. St.*, 2005 UT 90, ¶ 9.

¶11 This precedent is readily distinguishable from the case before us. For one thing, the motions in *736 North Colorado Street* targeted precisely the same judgment while, in this case, Travis's motions attacked two separate renewed judgments. His first motion targeted the judgment as initially renewed and was filed before the judgment was renewed for a second time. In this motion, he sought to prevent its second renewal primarily on the basis that it had been satisfied. But his second motion was squarely directed at the judgment as renewed for a second time, on the ground that the applicable statute does not authorize multiple renewals of the original judgment. Thus, Travis could

not have waived the arguments he made in his second rule 60(b) motion because Travis's first motion was brought before the judgment was renewed for a second time, and his second motion came after it had been renewed for that second time and *because* it was again renewed.[4]

¶12    Be all that as it may, *736 North Colorado Street* is ultimately distinguishable here because the petitioner in that case attempted to bring a *personal* jurisdiction argument under rule 60(b)(4) in his second motion, an argument the Court determined the petitioner had waived under rule 12(h) by not bringing it in his initial 60(b) motion. Here, Travis's second 60(b) motion asserted that the judgment was void under rule 60(b)(4) because the court lacked *subject matter* jurisdiction given the terms of the Renewal of Judgment Act, which is an argument that Travis could not have waived under the plain terms of rule 12(h). *See* Utah R. Civ. P. 12(h) (stating that parties do not waive arguments "that the court lacks jurisdiction of the subject matter"). Given this important difference, we hold that Travis did not waive his subject matter jurisdiction argument and could bring it in a second 60(b) motion because waiver under rule 12(h) does not bar subject matter jurisdiction arguments.

¶13    The district court therefore erred in ruling that because Travis could have argued in his first motion that the court lacked

---

4. We recognize that our Supreme Court has held that "a renewed judgment relates back to and extends the life of the original judgment" and that renewing a judgment does not "result[] in a new judgment." *Gildea v. Wells Fargo Bank, NA*, 2015 UT 11, ¶¶ 28, 30, 347 P.3d 385. But even though a renewed judgment is not a totally independent judgment in most contexts, we see nothing in *Gildea* that prevents a party under rule 12(h) from bringing a new 60(b) motion to set aside a renewed judgment when new grounds have arisen that are unique to the renewed judgment itself.

subject matter jurisdiction to renew the judgment for a second time, it was procedurally improper for him to raise that argument in a second motion. Rule 12(h) did not bar such an argument in a second motion, and the court should have addressed Travis's motion on the merits.

## II. Motion to Reconsider

¶14 We now turn to Kristine's first alternative ground. She asserts that we should affirm the district court on the basis that Travis's second motion was essentially a post-judgment motion to reconsider, which is not permitted in Utah. *See Gillett v. Price*, 2006 UT 24, ¶¶ 1, 10, 135 P.3d 861. Occasionally, we will affirm a district court's order on an alternative ground that is apparent from the record, "[b]ut we ha[ve] no obligation to do so." *Scott v. Scott*, 2020 UT 54, ¶ 31, 472 P.3d 897. Kristine asserts that Travis's motion was a motion to reconsider simply because his "second Rule 60 motion asserted the same grounds and no additional facts" and because even though "[t]he analysis of the law was slightly different[,] . . . the substantive grounds of the motion[s] were identical." Travis responds that his motion was not a motion to reconsider because he raised new and distinct legal arguments. We agree with Travis.

¶15 Kristine's "slightly different" characterization of the second motion is incorrect. In Travis's first motion, he primarily argued that, pursuant to rule 60(b)(5), the judgment as first renewed should not be renewed a second time because he had already satisfied the underlying judgment. He further argued that the district court should use its equitable powers under rule 60(d) to release him from the judgment. In his second motion, filed a year after the judgment was renewed for a second time, he focused on a new legal theory, namely that the judgment as renewed a second time was void under rule 60(b)(4) because, under the Renewal of Judgment Act, the court lacked subject matter jurisdiction to renew it for a second time. Our review of the record shows that this argument never appeared in Travis's

first motion, where he sought relief from the judgment as first renewed and opposed further renewal of the judgment. Thus, we decline to affirm the court's ruling on this alternative ground because Travis's second motion was not functionally a motion to reconsider but asserted a new theory for why a subsequently entered judgment, i.e., the judgment as renewed for a second time by the court, should be set aside pursuant to rule 60(b)(4).

### III. Timeliness

¶16 Kristine argues a second alternative basis on which we can affirm the district court notwithstanding any error in its waiver ruling. Kristine points out that Travis's second motion came after rule 60(c)'s ninety-day deadline or, in the alternative, that it came so late as to have exceeded a reasonable time. As previously stated, we will occasionally affirm a district court's order on an alternative ground that is apparent from the record, "[b]ut we ha[ve] no obligation to do so." *Scott v. Scott*, 2020 UT 54, ¶ 31, 472 P.3d 897. Although we consider this argument, we ultimately decline to exercise our discretion to affirm on this alternative ground.

¶17 Rule 60(c) requires that motions to set aside a judgment pursuant to rules 60(b)(1), (2), and (3) must be filed within ninety days "after entry of the judgment or order." Utah R. Civ. P. 60(c). The rule also prescribes that motions filed pursuant to 60(b)(4), while not subject to the ninety-day rule, "must be filed within a reasonable time." *Id. See In re Estate of Willey*, 2016 UT 53, ¶¶ 7, 12, 16, 391 P.3d 171. Thus, because Travis premised his second motion on the ground that the judgment was void under 60(b)(4), it was not subject to the ninety-day limit. But due to the somewhat inconsistent nature of the applicable caselaw on this issue, it is not entirely clear whether even the "reasonable time" limit applies to motions brought under 60(b)(4).

¶18 In January 2015, our Supreme Court held in *Migliore v. Livingston Financial, LLC*, 2015 UT 9, 347 P.3d 394, that a

defendant's rule 60(b)(4) motion asserting the judgment was void on the ground that "he was denied due process of law," which motion was "brought nearly two years after entry of summary judgment, [was] not time barred" because "'where the judgment is void . . . the time limitations of [former[5]] [r]ule 60(b) have no application.'" *Id.* ¶¶ 23–24 (quoting *Garcia v. Garcia*, 712 P.2d 288, 290 (Utah 1986)). Under this rationale, Travis's motion would be timely.

¶19    But less than two years later, in November 2016, the Court issued *In re Estate of Willey*, 2016 UT 53, 391 P.3d 171, in which it noted that "[i]t is an unsettled question in Utah whether all claims that judgments are void under rule 60(b)(4) are subject to the reasonable time limit imposed by rule 60(c)." *Id.* ¶ 16. The Court continued:

> Although the language of rule 60(c) states that all motions under paragraph (b) must be filed within a reasonable time, this court has held that "where the judgment is void because of a fatally defective service of process, the time limitations of [r]ule 60(b) have no application." *Garcia v. Garcia*, 712 P.2d 288, 290 (Utah 1986). While *Garcia* and a prior case, *Woody v. Rhodes*, 23 Utah 2d 249, 461 P.2d 465, 466 (1969), limited their holdings to motions based on a "fatally defective service of process," we recognize that *Garcia* continued to state, "there is no time limit on an attack on a judgment as void." 712 P.2d at 291 (citation

---

5. When the Court issued *Garcia v. Garcia*, 712 P.2d 288 (Utah 1986), the time limitations for a 60(b) motion were found in subsection 60(b)(7). Those same time limitations have now been moved, with some minor adjustments in phraseology, to subsection 60(c). *Compare* Utah R. Civ. P. 60(b) (1986), *with id.* R. 60(c) (2016).

omitted). But the language in *Garcia* advancing the notion that "the requirement that the motion be made within a 'reasonable time,' . . . cannot be enforced with regard to [a rule 60(b)(4)] motion" is dicta given the clear holding of the case. *Id.* (citation omitted). *Garcia* held only that "where the judgment is void *because* of a fatally defective service of process, the time limitations of [r]ule 60(b) have no application." *Id.* at 290 (emphasis added). Therefore, apart from the dicta in *Garcia*, this court has not extended the exemption from the reasonable time requirement in rule 60(c) to claims other than those based on "fatally defective service of process." *Id.*

*In re Estate of Willey*, 2016 UT 53, ¶ 17 (alterations in original) (footnote omitted). The Court then determined that it was "unnecessary for [it] to resolve whether the reasonable time limit applies to all motions made under rule 60(b)(4)" and proceeded to address and reject the motion before it on the merits. *Id.* ¶¶ 19, 42.

¶20    In *In re Estate of Willey*, the Court did not acknowledge or explain *Migliore's* seemingly strong embrace of the language in *Garcia* and its apparent application to all motions brought pursuant to rule 60(b)(4). Therefore, it must be regarded as an unsettled issue whether all motions brought under rule 60(b)(4), aside from those turning on defective service of process, *see Garcia*, 712 P.2d at 290, are subject to the reasonable time requirement of 60(c), and we cannot rely on the language in *Migliore* to conclude that Travis's second motion was not subject to the reasonable time limit imposed by rule 60(c).

¶21    But just as our Supreme Court did in *In re Estate of Willey*, we determine that it is unnecessary to resolve this question in

this case,[6] and we decline to exercise our discretion to rule on this alternative ground. *See Scott*, 2020 UT 54, ¶ 31. We do so because it is undisputed that the district court did not dismiss Travis's second motion on the ground that it was filed beyond a reasonable time under rule 60(c) but rather on the erroneous ground that Travis had waived his voidness argument because he could and should have raised it in his first motion. Because this reasoning was incorrect, we believe it best at this juncture that the district court first address the merits of Travis's second motion free of any concern that his arguments should have been raised in his earlier motion.

CONCLUSION

¶22    The district court erred in dismissing Travis's second motion on procedural grounds because rule 12(h) did not bar Travis from bringing his subject matter jurisdiction argument under rule 60(b)(4) in that motion. We also decline to affirm the district court's ruling on Kristine's alternative arguments that Travis's motion was essentially a motion to reconsider or that it was untimely under rule 60(c). Therefore, we remand the case to the district court for it to consider on the merits the motion to set aside the second renewed judgment on the theory that the judgment was void based on a lack of subject matter jurisdiction pursuant to the terms of the Renewal of Judgment Act.

──────────

6. Given the recurrence of this issue and the apparent inconsistency between relatively recent Supreme Court opinions, our Supreme Court may wish to re-examine this issue in an appropriate case to provide clarity on this important question.