**2025 UT App 182**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF G.C.,
A PERSON UNDER EIGHTEEN YEARS OF AGE.

S.C. AND J.H.,
Appellants,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
Nos. 20240512-CA and 20240524-CA
Filed December 11, 2025

Fifth District Juvenile Court, Cedar City Department
The Honorable Troy A. Little
No. 1207032

Sheleigh A. Harding, Attorney for Appellant S.C.

Alexandra Mareschal, Kirstin H. Norman, and Debra
M. Nelson, Attorneys for Appellant J.H.

Derek E. Brown and John M. Peterson,
Attorneys for Appellee

Martha Pierce, Alisha Giles, and Heath Haacke,
Guardians ad Litem

Before JUDGES MICHELE M. CHRISTIANSEN FORSTER, DAVID N.
MORTENSEN, and AMY J. OLIVER.

PER CURIAM:

¶1　S.C. (Father) and J.H. (Mother) (collectively, Parents) appeal the juvenile court's permanent guardianship order and its order denying Parents' motion to set aside the guardianship order under rule 60(b) of the Utah Rules of Civil Procedure. We affirm.

## BACKGROUND[1]

¶2 G.C. (Child) was removed from Parents' custody in 2022 at the age of three. Child was adjudicated to be abused and neglected as to both parents. The court ordered concurrent permanency goals of reunification and permanent custody and guardianship. Ten months after Child's removal, Parents had another child together (Sister). Sister was also removed from Parents' care. The two children's cases continued on separate permanency timelines. Both children were placed with their uncle's sister-in-law (Aunt).

¶3 At Child's permanency hearing, the juvenile court determined that it was not safe to return Child to either Mother or Father and terminated reunification services. Thereafter, the court entered the permanent guardianship order at issue on appeal, appointing Aunt as Child's permanent guardian.

¶4 The court ordered that Parents would have supervised virtual parent-time once per month and a supervised in-person visit four times per year for at least two hours. Aunt was also directed to "invite Parents to sporting events, school activities, and other events in which [Child] will participate." The court stated that this was the "minimal parent-time requirement" and indicated its understanding that Aunt was "willing to do more." The court explained that the minimum time was fashioned to "be sustainable for nearly 14 years, especially considering that [Aunt] is responsible for facilitating visits with two separate parents." The court also ordered that Aunt "use reasonable efforts" to allow Child to have contact with Sister and with his three other half-

---

1. "We recite the facts in the light most favorable to the juvenile court findings." *In re J.M.*, 2020 UT App 52, n.1, 463 P.3d 66 (cleaned up).

siblings, who are under the permanent guardianship of their grandparents, as well as other extended family members.

¶5    Mother and Father each filed notices of appeal from the court's permanent guardianship order. However, they moved to stay the appeals until Sister's permanency status was adjudicated. While the appeals were stayed, Sister was returned to Father's custody.

¶6    After the stay was lifted, Parents filed a joint motion to set aside the guardianship order for Child under rules 60(b)(5) and 60(b)(6) of the Utah Rules of Civil Procedure. Their rule 60(b)(5) argument asserted that it was "no longer equitable" for the order to "have prospective application" because Sister had been returned to Father. Their rule 60(b)(6) argument asserted that Father regaining custody of Sister was an extraordinary circumstance that justified relief from the guardianship order.

¶7    The State asked the court to construe the rule 60(b) motion as a petition for restoration of custody and deny it because such petitions are not permitted when a child is subject to a permanent guardianship order. *See* Utah Code § 78A-6-357(3)(d). The court declined to do so and analyzed the motion under rule 60(b). However, the court denied the motion. The court concluded that a permanent guardianship order is not an order that has "prospective application" as that term is used in rule 60(b)(5) and that the case did not present extraordinary circumstances that would justify setting aside the guardianship order. Parents then filed amended notices of appeal to challenge the court's denial of their rule 60(b) motion.

ISSUES AND STANDARDS OF REVIEW

¶8    Parents first assert that the juvenile court erred in determining that a permanent guardianship order does not have

prospective application as that term is used in rule 60(b)(5) of the Utah Rules of Civil Procedure. Relatedly, they assert that the juvenile court erred in determining that Father's regaining custody of Sister was not an extraordinary circumstance justifying relief under rule 60(b)(5). They also challenge the court's determination that the guardianship order should not be set aside under rule 60(b)(6). "Normally, we review a court's denial of a [rule] 60(b) motion under an abuse of discretion standard of review." *Sanders v. Sanders*, 2021 UT App 122, ¶ 4, 502 P.3d 1230 (cleaned up). Nevertheless, we review the "application of our rules of civil procedure for correctness." *Id.*

¶9 Second, Parents argue that the juvenile court should have handled Child's and Sister's cases as a single case on the same permanency timeline. They acknowledge that this issue was not preserved and ask that we review it for plain error and ineffective assistance of counsel. To demonstrate plain error, an appellant must show that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome for the appellant." *State v. Holgate*, 2000 UT 74, ¶ 13, 10 P.3d 346 (cleaned up). To demonstrate ineffective assistance, an appellant must show, first, "that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment," and, second, "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92.[2]

---

2. Parents also seek to challenge the juvenile court's award of parent-time, asserting that the order was unreasonable. However, this issue was not preserved for appeal, and Parents do not argue that it should be reviewed under an exception to the preservation rule. Parents assert that Father's counsel preserved the issue by

(continued…)

ANALYSIS

I. Rule 60(b) Motion

¶10 Rule 60(b)(5) of the Utah Rules of Civil Procedure allows a party to seek relief from a judgment if "it is no longer equitable that the judgment should have prospective application." Utah R. Civ. P. 60(b)(5). "Rule 60(b)(5) applies to any judgment that has prospective effect but does not apply where a party seeks to alter a judgment that remedies a past wrong." *Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 60, ¶ 29, 342 P.3d 779 (cleaned up). In other words, the rule "does not allow relitigation of issues that have been resolved by the judgment. Instead, it refers to some change in conditions that makes continued enforcement inequitable." *Id.* (cleaned up). A "judgment operates prospectively if it requires a court to supervise changing conduct or conditions that are provisional or tentative." *Id.* (cleaned up). Furthermore, a "court's power of equity is only to be applied

---

asking the court to order in-person weekly visits. But "to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *In re K.F.*, 2009 UT 4, ¶ 62, 201 P.3d 985 (cleaned up). Father's request for weekly parent-time was not sufficient to preserve a challenge to the reasonableness of the parent-time ultimately awarded or the adequacy of the juvenile court's findings. The court was aware only that the ordered parent-time differed from the time Father wanted to have, not that Father considered the award to be unreasonable or the findings to be inadequate, as Parents now assert. Because the parent-time issue was not preserved, we are unable to review it on appeal. *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 ("When a party fails to raise and argue an issue in the trial court, it has failed to preserve the issue, and an appellate court will not typically reach that issue absent a valid exception to preservation.").

under the rule when highly significant changes alter the landscape of a judgment—for instance, subsequent legislation, a change in the decisional law, or a change in the operative facts"—and "the burden will be high on those seeking relief on this ground as they must demonstrate extraordinary circumstances justifying relief." *Id.* ¶ 28 (cleaned up).

¶11 Parents argue that the permanent guardianship order is similar to a permanent injunction, which falls within the scope of rule 60(b)(5), because it "permanently enjoins, in a sense, a parent from exercising . . . the right to parent their child." They further argue that such an order is prospective in nature because it does not "function to remediate past wrongs" but to limit the future relationship between the parent and child. They argue that "[c]ontinued jurisdiction of the court is not required to make a judgment prospective in nature" and that it is enough that the order "functions as a permanent limitation on Parents' rights" and Child's best interests "going forward." Finally, they argue that not permitting review under rule 60(b)(5) would impermissibly hamper the juvenile court in its ability to do equity and act in Child's best interests in the long-term.

¶12 However, we agree with the juvenile court that an order of permanent guardianship does not have "prospective application," as that term is used in rule 60(b)(5), because it is a permanent order that does not require the court "to supervise changing conduct or conditions that are provisional or tentative." *Id.* ¶ 29 (cleaned up). It serves the remedial purpose of establishing permanency for a child who is unable to be safely returned to the parents within the timeline set by the legislature, *see* Utah Code § 80-3-409, and is an order that effects a permanent change in the child's status vis-à-vis the parent that is not subject to revision, *see In re A.F.*, 2007 UT 69, ¶ 6, 167 P.3d 1070. Here, Child's best interests were fully litigated at the time the court issued the guardianship order, and the juvenile court terminated

its jurisdiction at that time. Furthermore, the Utah Code explicitly restricts parents from seeking to restore custody while a permanent guardianship order exists. *See* Utah Code § 78A-6-357(3)(d). Thus, it would be contrary to the legislature's intent to permit a parent to circumvent this restriction by seeking to set aside a permanent guardianship order under rule 60(b)(5) based on changed circumstances.

¶13 Even if a permanent guardianship order could be considered to have prospective application, we agree with the juvenile court that the circumstances presented here are not so extraordinary that the court should have employed its equitable powers to alter the judgment. Parents maintain that Sister being raised by Father constitutes a sufficiently significant "change in the operative facts" of the case to justify setting aside the decision. However, this may be the case for many siblings as their parents' circumstances change over time. Moreover, the fact that it may be in one child's best interest to return to their parent's care does not necessarily mean that it is in their sibling's best interest. Each child is an individual, whose unique permanency needs are the product of age, experiences, and other circumstances.

¶14 Additionally, the fact that the court found that it was safe for Sister to return to Father's care does not make this case any more extraordinary than a similar case not involving a sibling. The only difference is that Sister's case gave Father the opportunity to create a record of his improved parenting ability—an opportunity he would not have been given had Child not had a sibling who was removed soon after him. As the juvenile court observed, Child and Sibling are individuals with different child welfare timelines, and Parents were at different stages of progress in their reunification efforts at the time of Child's permanency hearing compared to Sister's permanency hearing. Given these circumstances, the findings at Sister's permanency hearing do not change the operative facts relevant to Child's permanence, which

was necessarily litigated within his own permanency timeline. Accordingly, the juvenile court did not err in concluding that the circumstances here were not sufficiently extraordinary to justify relief under rule 60(b)(5). *See Utah Res. Int'l, Inc.*, 2014 UT 60, ¶ 28.

¶15 The juvenile court also did not err in determining that relief was not available under rule 60(b)(6). Rule 60(b)(6) permits relief from judgment for "any other reason that justifies relief," *see* Utah R. Civ. P. 60(b)(6)—in other words, a reason different from those listed in the other five subsections of the rule. Accordingly, rule 60(b)(6) "may not be relied upon if the asserted grounds for relief fall within any other subsection of rule 60(b)." *Menzies v. Galetka*, 2006 UT 81, ¶ 71, 150 P.3d 480. Moreover, rule 60(b)(6) is to be "sparingly invoked and used only in unusual and exceptional circumstances."[3] *Id.* (cleaned up).

¶16 Rule 60(b)(5) covers situations where extraordinary circumstances resulting from a change in the law or facts make it "no longer equitable that the judgment should have prospective application." Utah R. Civ. P. 60(b)(5); *see also Utah Res. Int'l, Inc. v. Mark Techs. Corp.*, 2014 UT 60, ¶ 28, 342 P.3d 779 ("The burden will be high on those seeking relief on [rule 60(b)(5)] ground[s] as they must demonstrate extraordinary circumstances justifying relief." (cleaned up)). While we have determined that rule 60(b)(5) does not apply here because a guardianship order does not have prospective application, that does not mean Parents may alternatively bring their extraordinary circumstances argument under rule 60(b)(6). The extraordinary circumstances alleged by Parents under rule 60(b)(6) are the same extraordinary circumstances alleged under rule 60(b)(5)—that Sister being

---

3. We see no meaningful distinction between "extraordinary circumstances" and "exceptional circumstances" as those terms are used in this discussion. Thus, going forward, we use the term "extraordinary circumstances" for consistency.

returned to Father's custody changed the operative facts in such an extraordinary way that the guardianship order should be set aside. The reason rule 60(b)(5) applies only to judgments that have prospective application is that rule 60(b) cannot be used as a means to relitigate issues that have already been decided. *Utah Res. Int'l*, 2014 UT 60, ¶ 29. There was nothing inequitable or unjust about the guardianship order at the time it was entered, and it would make no sense to allow parties to circumvent the prospective application requirement of rule 60(b)(5) by appealing to equity under rule 60(b)(6). Moreover, we have already determined that Sister being returned to Father is not an extraordinary circumstance to justify relief under rule 60(b)(5). For the same reasons, this fact does not justify relief under rule 60(b)(6).

## II. Plain Error and Ineffective Assistance of Counsel

¶17 Parents also argue that the juvenile court plainly erred[4] by not handling Child's and Sister's cases as a single case on the same permanency timeline or, alternatively, that counsel was ineffective for not requesting that the cases be combined.

¶18 Parents assert that it was inequitable, under the circumstances of this case, to treat the children separately. However, they recognize that "the child welfare statutes do not provide direction on how to handle a child born during the pendency of a child welfare case" and that "[i]t is unclear whether the older child should share the permanency timeline of the afterborn baby, or whether they should have separate timelines."

---

4. Although it remains unclear whether plain error review is available in child welfare cases, we need not resolve that question today because even if the exception were to apply, we ultimately conclude that Parents cannot establish that the juvenile court committed plain error. *See In re P.M.*, 2025 UT App 154, ¶ 28 n.4.

Given the lack of authority in support of Parents' position, they cannot establish that the alleged error would have been obvious to the juvenile court, and thus, they cannot prevail on grounds of plain error. *See State v. Maestas*, 2012 UT 46, ¶ 37, 229 P.3d 892 ("An error is obvious only if the law governing the error was clear at the time the alleged error was made." (cleaned up)).

¶19 For similar reasons, Parents cannot demonstrate that counsel performed deficiently by failing to request that the court treat the siblings as a unit. While "attorneys are not [categorically] excused from failure to raise an argument not supported by existing legal precedent," a party alleging ineffective assistance must demonstrate that the attorney's failure "was objectively unreasonable—i.e., a battle that competent counsel would have fought." *State v. Calata*, 2022 UT App 127, ¶ 20, 521 P.3d 920 (cleaned up). Here, Parents' counsel had no basis in existing law to believe that Child's and Sister's timelines should or even could be consolidated. In fact, Utah law suggests otherwise, as the permanency timeline is based on the date "the minor is initially removed from the minor's home" and Sister's removal date was ten months after Child's. *See* Utah Code § 80-3-409. Moreover, it is unlikely counsel would have recognized at the outset of Sister's case that the separate timelines would result in the drastically different outcomes between the children's cases such that requesting consolidation would be important. Finally, given the strict permanency timelines set by the Utah Code, it is highly unlikely that the juvenile court would have extended Child's timeline to stay on track with Sister's even if counsel had made such a request, and counsel cannot be considered ineffective for not making a futile objection. *See Calata*, 2022 UT App 127, ¶ 20.

## CONCLUSION

¶20 Because we agree with the juvenile court that a permanent guardianship order does not have prospective application, as that

term is used in rule 60(b)(5) of the Utah Rules of Civil Procedure, and because the circumstances presented here are not sufficiently extraordinary to justify setting aside the guardianship order, we affirm the juvenile court's denial of Parents' rule 60(b) motion. Furthermore, we conclude that the court did not plainly err by not consolidating Child's and Sister's permanency timelines and that Parents' counsel was not ineffective for failing to request consolidation. Finally, we decline to consider Parents' challenge to the court's parent-time order because that challenge was not preserved. Accordingly, we affirm the court's permanent guardianship order.

———————